East Side Garage, Inc., Appellant, *v.* The New Brunswick Fire Insurance Company, Respondent, Impleaded with Norman E. Mason, Defendant.

Third Department, November 16, 1921.

Insurance — automobile insurance — person to whom policy payable as interest may appear has no better right than insured — condition that policy shall be void if automobile used to carry passengers for hire — provision that terms cannot be waived by agents except in writing — waiver by company need not be in writing — complaint alleging facts constituting waiver sufficient.

A provision in a policy of fire and theft insurance on an automobile that the loss, if any, shall be payable to a third person as his interest may appear, gives to such third person no better right, in an action on the policy, than the insured, and such person is subject to a provision therein that the policy shall be void if the automobile is used for carrying passengers for hire.

A provision in the policy that none of the terms therein may be waived by any agent of the company except in writing, while it prohibits a waiver

by an agent in any other manner than that specified, does not prevent a waiver by the company, either orally or by acts constituting an estoppel. Accordingly, in an action on the policy the complaint is sufficient, where its allegations import that the insurance company knew that its agents who had issued the policy had also assumed the power to orally consent that the automobile might be used for the transportation of persons for compensation pending consent or refusal therefor by the company; that the plaintiff was relying on such consent, and that the defendant, having such knowledge, did not repudiate the acts of its agents, or cancel the policy and return the unearned premium which the complaint alleged had been paid.

APPEAL by the plaintiff, East Side Garage, Inc., from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Rensselaer on the 25th day of February, 1921, upon the dismissal of the complaint by direction of the court at the opening of the case.

*Nortrup R. Holmes* [*E. Deane Vincent* of counsel], for the appellant.

*John T. Norton,* for the respondent.

COCHRANE, J.:

The complaint was dismissed at the trial on the complaint and opening and before any evidence was received. The opening is not included in the record. The question, therefore, is as to the sufficiency of the complaint.

The action is brought on a policy of insurance issued by the respondent to the defendant Mason on an automobile owned by him insuring him against loss by fire or theft. The automobile was destroyed by fire after the policy was issued. The plaintiff had a claim against Mason for the unpaid purchase price of the automobile and the policy contained a provision that the loss, if any, should be payable to the plaintiff as its interest might appear. Under such a provision in the policy the plaintiff stands in no better position than the insured and cannot recover unless there could be a recovery by the insured. (*Williams* v. *Pioneer Co-operative Fire Ins. Co.,* 183 App. Div. 826, 831; *Moore* v. *Hanover Fire Ins. Co.,* 141 N. Y. 219, 223.)

A copy of the policy is attached to and forms a part of the complaint. It appears therefrom that it shall be null and void if the automobile is used for carrying passengers for compensa-

tion. It was so used and thereby the policy was forfeited unless the respondent has waived the provision against the use of the autmobile for compensation or is estopped from asserting the same.

The plaintiff has alleged in its complaint the facts which it claims constitute such waiver or estoppel. The question for determination is whether such facts so alleged considered in the light of the policy have the effect claimed by the plaintiff.

Breese, Rousseau & Co. were the agents of the defendant *duly authorized to execute,* issue and deliver policies. They countersigned the policy in question and delivered it to the assured. The policy provided that it should not be valid unless countersigned by a duly authorized agent of the company.

The parties agreed in the policy as follows: " No officer, agent or other representative of this company shall have power to waive any of the terms of this policy unless such waiver be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the assured unless so written or attached." The effect of such a stipulation has been frequently discussed. It is well established by authority that under it an agent may not effect a waiver unless it is written upon or attached to the policy as therein provided. (*Quinlan* v. *Providence Washington Ins. Co.,* 133 N. Y. 356; *Gray* v. *Germania Fire Ins. Co.,* 155 id. 180; *Moore* v. *Hanover Fire Ins. Co.,* 141 id. 219, 224; *Baumgartel* v. *Providence Washington Ins. Co.,* 136 id. 547.)

The foregoing authorities, however, do not hold that the company itself as distinguished from its officers or agents may not orally waive a forfeiture of the policy nor by its acts and conduct estop itself from asserting the same. In *Walsh* v. *Hartford Fire Ins. Co.* (73 N. Y. 5) the policy was forfeited because, contrary to its provisions, the insured premises remained vacant for more than fifteen days without consent indorsed on the policy. As in this case there was a provision that no officer, agent or representative of the company should be held to have waived any of the provisions of the policy unless such waiver was indorsed thereon in writing. The court held that by virtue of such provision an agent could not orally create a waiver but stated in its opinion as follows:

" In determining this question it is important to bear in mind that there is no proof tending to show a waiver by the company of the condition, independently of the acts of the agent Carpenter. The transaction between the agent and the insured was not known to the company until after the fire. The agent made no report of the fact that the consent had been applied for, or had been given. In short, there was no recognition, affirmance, or ratification by the company of what was said or done by the agent upon the application of the plaintiff for consent that the premises might remain vacant. * * * The company could itself dispense with this condition by oral consent, as well as by writing (*Trustees, etc.,* v. *Brooklyn Fire Ins. Co.,* 19 N. Y. 305)."

In *Pechner* v. *Phœnix Ins. Co.* (65 N. Y. 195) the court stated the question as follows: " The main question in the cause is whether the policy is void because there was *other* insurance upon the property without the written consent of the defendant." There was no restriction as in this case on the power of an agent to waive the terms of the policy and after holding that Scott, the agent, had waived the requirement for written consent as to other insurance, the court continued as follows: " Had the company itself, at its principal office, treated the plaintiff as Scott did, assuring him that the transaction was right, I think it clear, both upon principle and authority, that it would have been estopped from setting up in its defense that the condition requiring a written indorsement on the policy had not been complied with. The plaintiff must have relied upon such a statement. It is not conceivable otherwise that he would have left matters in the informal condition in which they stood when the loss occurred. Within all the authorities cited, a practical fraud would be perpetrated upon him if the insurers were then allowed to repudiate the policy."

In *Pitney* v. *Glens Falls Ins. Co.* (65 N. Y. 6) there was a provision prohibiting other insurance unless consent therefor was indorsed on the policy. Knowledge of such other insurance was brought home to the company but no written consent was granted. The court holding that the insurer had an election either to cancel the policy or retain the premium said: " This election should have been exercised within a

reasonable time after notice.   It had notice from the moment the general agent issued the policy, and, by retaining the premium, has become estopped or has waived any right which it may have had to cancel the policy." After citing cases from other jurisdictions the court continued: " In all of those cases it is maintained that these conditions concerning other insurance, if broken, make the policy at most only voidable, and that there may be a waiver by parol of a condition requiring writing.   *   *   *   The company had constructive knowledge of the prior insurance through express or implied notice to Bowen, and are now, under all the circumstances, estopped from making any claim that the policy is void by reason of the non-observance of the required conditions."

In *Steen* v. *Niagara Fire Ins. Co.* (89 N. Y. 315) a forfeiture was claimed because the property had remained vacant without written consent, but the court said: " The company itself could dispense with the condition by oral consent, as well as by writing, and the general agent, unless specially restricted, could do the same."

In the present case the policy restricted the power of an agent to waive any of its terms except in writing.   There is a clear distinction between what an agent may do under the provision in this policy limiting his authority and what the company itself may do.   Such provision does not purport to apply to the company.   If it did the latter might waive it. Generally speaking a party may ordinarily waive any provision in a contract intended for his benefit.   No different rule exists in regard to an insurance company.   (*Bishop* v. *A. Ins. Co.*, 130 N. Y. 488; *Gibson El. Co.* v. *Liverpool & L. & G. Ins. Co.*, 159 id. 418, and cases there cited.)   In the present case the company has prohibited its agents from orally waiving any of the terms of the policy.   It does not follow, however, that the company itself may not waive such prohibition and orally waive any other condition of the policy or by its conduct estop itself from asserting a forfeiture thereof.   That such distinction exists seems to be established by the cases cited.

It is doubtless true, therefore, as claimed by the respondent, that its agents were powerless to orally waive any of the provisions of the policy.   The plaintiff, however, according to its complaint, does not rely on such waiver but on a waiver

by the defendant itself or on acts on its part constituting an estoppel. It is alleged in the complaint that the plaintiff informed the respondent's agents, Breese, Rousseau & Co., that Mason was using the automobile in transporting persons for hire and that such agents stated that they would take the matter up with the company and advise plaintiff if the company made any objection to such use of the automobile and that the policy would remain in full force and effect until the plaintiff was advised that the company would cancel the insurance and that at no time prior to the destruction of the automobile was the plaintiff informed of the cancellation of the policy or that the defendant objected to the use of the automobile for hire and that the plaintiff relying upon such understanding and agreement with Breese, Rousseau & Co., assumed that the policy continued in full force and effect. It is further alleged that the said defendant insurance company *having full knowledge of the facts* " intended to abandon or not to insist upon the use of the aforesaid car for ' pleasure ' only as required by said policy and by its acts and conduct estopped itself from now asserting or claiming the right to declare said policy forfeited because of the use of said automobile." These allegations in the complaint import that the respondent knew that its agents who had countersigned and issued this policy had also assumed the power to orally consent that the automobile might be used for the transportation of persons for compensation pending consent or refusal therefor by the respondent itself and that the plaintiff was relying on such consent. Having such knowledge the respondent did not repudiate the acts of its agents. It did not cancel the policy and return to the plaintiff the unearned premium which the complaint alleges had been paid and which continued the policy in force beyond the time of the destruction of the automobile. It retained the premium and silently acquiesced in the consent which had been given to the plaintiff by Breese, Rousseau & Co., knowing that the plaintiff was relying on such consent. A cancellation of the policy and return of the unearned premium or at least notice by the respondent that it repudiated its agents' assumption of power would have put the plaintiff on its guard and enabled it to protect itself by other insurance. These facts the plaintiff was entitled to prove

under its complaint and if proven would establish the liability of the respondent. We are considering only the sufficiency of the complaint. It follows from what has been said that notice to the agents of an intention to disregard the condition of the policy is not notice to the company and that at the trial questions may arise from the evidence as to whether or not the defendant had knowledge of the unauthorized assumption of power by its agents and a reasonable opportunity to repudiate the same after such knowledge.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

JOHN M. KELLOGG, P. J., H. T. KELLOGG, KILEY and VAN KIRK, JJ., concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.