JOHN SININCROPE and Another, Respondents, *v.* THE HARTFORD FIRE INSURANCE COMPANY, Appellant.

Fourth Department, November 14, 1923.

**Insurance — automobile theft insurance — proof of loss — employee of local agent cannot waive provision of policy as to filing proof of loss — defendant not estopped by retaining proof of loss filed after expiration of time.**

In an action to recover on a policy of automobile theft insurance which is defended on the ground that proof of loss was not filed within the time stipulated in the contract, the plaintiffs cannot overcome the fact of failure to file the proof of loss by evidence that an employee of a local agent of the defendant who was notified of the loss of the automobile stated that he would let the plaintiffs know if there was anything else for them to do, and that the plaintiffs, relying upon such statement, did not file their proof of loss within the time stipulated, where the policy distinctly provides that no officer, agent or other representative of the company shall have the power to waive any of the terms of the policy unless such waiver be written upon or attached thereto, and where there is no proof that the local agent had any authority to adjust losses or to waive orally any of the provisions of the policy.

The defendant is not estopped from relying upon its defense by the fact that it retained a proof of loss which the plaintiffs filed after the expiration of the time limited in the policy.

APPEAL by the defendant, The Hartford Fire Insurance Company, from a judgment of the County Court of the county of Cayuga in favor of the plaintiffs, entered in the office of the clerk of said county on the 23d day of November, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the 11th day of December, 1922, denying the defendant's motion for a new trial made upon the minutes.

*Coville & Santry* [*William F. Santry* of counsel], for the appellant·

*Louis K. R. Laird*, for the respondents.

CLARK, J.:

This action was brought to recover upon a policy of insurance issued by defendant to plaintiffs. By the terms of the policy defendant insured plaintiffs against loss by theft of an automobile owned by plaintiff John Sinincrope, and on which plaintiff John F. Acker had a lien to secure him for part of the purchase price of the car.

In their complaint plaintiffs alleged that the car was stolen on or about the 20th day of September, 1921, while the policy was in full force, and that after the loss notice thereof was the next day given to defendant's local agent at Auburn, N. Y., who had delivered

the policy to plaintiffs, and that plaintiff Sinincrope made out due proof of loss according to the requirements of the policy *as far as he was informed* by said resident agent, and that he has duly performed " all of the acts of said policy on his part as he was informed by the said resident agent," and that more than sixty days have elapsed since the furnishing to defendant of the particulars of said loss, but that defendant has paid no part thereof.

By its answer defendant denied that plaintiffs had complied with the conditions of the contract on their part to be performed as conditions precedent to their right to recover, and particularly the provision in the policy which required the assured within sixty days after the occurrence of the loss to render a statement to defendant, signed and sworn to by the assured, stating the place, time and cause of the loss, the interest of the assured, and of all others in the property and the sound value thereof, and the amount of loss or damage thereon.

The action was brought and originally tried in the City Court of Auburn, with a jury, and plaintiffs had a verdict for $1,000. On appeal to the Cayuga County Court for a new trial plaintiffs again recovered a verdict for $1,000, and from the judgment entered on that verdict defendant appeals.

At the time the policy was issued plaintiff Sinincrope resided in Auburn but later removed to Rome, N. Y., and it was at the latter city that the car was stolen. The day after the loss Mr. Sinincrope notified defendant's local agent at Auburn of that fact by letter, and on the following day he called at the agent's office and there had a conversation with a Mr. Wiggins, who was an employee of the local agent.

Sinincrope's version of that conversation was as follows: " Q. Tell what was done there, Mr. Sinincrope? A. He [Wiggins] asked me questions, I answered them; he write it down, and then he says ' That is all.' I says: ' That is all for me to do? ' He says: ' That is all.' He says: ' If there is anything for you to do, we will notify you ' * * * "

Mr. Wiggins gave testimony concerning this same transaction. He testified that plaintiff Sinincrope called at the office of Mr. French, defendant's local agent, where he was employed, and reported the loss of the car, and he made a memorandum of that fact, and thereupon wrote the defendant reporting the loss; that at the time he told Sinincrope that he would have to fill out a paper notifying the company of the facts, and that he mailed blank notice of loss to Sinincrope directed to him at Rome, N. Y., as he requested, but that later said notice was returned as unclaimed.

Plaintiff Sinincrope also testified that on several subsequent

occasions he called at the office of the Auburn agent of defendant and inquired about this matter, and was told each time that they were waiting for an answer from the company.

Nothing further was done until January 6, 1922, when Sinincrope obtained from the agent a blank notice of loss, had it filled out by a lawyer, signed and verified the paper and left it with Mr. French, the local agent at Auburn, who forwarded the notice to defendant.

This paper was not made out until over forty days after the sixty-day period had expired.

The policy distinctly provided that in case of loss notice thereof in writing should be given forthwith to the company, and within sixty days after such loss, unless such time " is extended in writing by this company, [assured] shall render a statement to this company signed and sworn to by the assured, stating the place, time and cause of the loss or damage, the interest of the assured and of all others in the property, the sound value thereof and the amount of loss or damage thereon, ' * * *."

It is conceded that the notice of loss was seasonably given to an employee of the local agent of the company at Auburn, but it is undisputed that no proofs of loss as required by the policy were prepared by the assured or rendered to the company until long after the sixty-day period had expired.

Plaintiffs contend that defendant is estopped from raising the point that said omission is a bar to their recovery, and that it waived the provisions with reference to service of proofs of loss within sixty days thereafter, it being plaintiffs' claim that they were lulled into waiting on the alleged promise of the employee of the local agent at Auburn that " if there is anything for you to do we will notify you."

The important question here is whether the talk of the employee of defendant's agent (assuming that it took place as claimed by plaintiffs) was such that defendant is bound by it, and whether it amounted to a waiver of the conditions of the policy.

The policy provided that its terms embodied all the agreements between the assured and the defendant, or any of its agents, relating to the insurance described therein, and it further provided " no officer, agent or other representative of this company shall have power to waive any of the terms of this policy unless such waiver be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the assured unless so written or attached."

No claim is made that there was any writing upon or attached to the policy signed by any officer or agent of the company changing any of its terms.

This policy was a contract between plaintiffs and defendant and plaintiffs were presumed to know its terms. The requirement that proofs of loss duly verified should be furnished the company within sixty days after the loss was a condition precedent to the liability of the company under its policy. (*Hanna* v. *Commercial Travelers Mut. Accident Assn.,* 204 App. Div. 258; affd., 236 N. Y. 571.)

The agent French was merely the local agent of defendant at Auburn. He could issue policies and collect premiums, but so far as appears he had no authority to adjust losses, and he certainly had no authority to waive any of the provisions of the policy unless such waiver was in writing on or attached to the policy. Concededly there was no such writing.

Plaintiffs urge, however, that the conversation with Wiggins, the employee of the Auburn agent, would operate to waive the provision of the policy with reference to serving proofs of loss. We do not think so. Contracts between parties cannot be so easily set at naught and disregarded. Wiggins was in no sense an agent of defendant, and had no power to adjust losses. He was merely an employee of one of defendant's local agents, and had no authority whatever to change the terms of the policy. (*Quinlan* v. *Providence-Washington Ins. Co.,* 133 N. Y. 356; *East Side Garage, Inc.,* v. *New Brunswick Fire Ins. Co.,* 198 App. Div. 408.)

The provision in the policy requiring that within sixty days after a loss, unless the time was extended in writing by the company, the assured should render a statement to the company signed and sworn to by him stating the place, time and cause of the loss, or damage, might be waived by the conduct of the company, or that of an authorized agent, by any act or artifice of which it had knowledge, by which the assured may have been misled and thereby omitted to perform a duty he otherwise would have performed.

But in this case on the evidence as it stands, Wiggins was not shown to be an agent of the company and there was no evidence that defendant or any of its officials or authorized agents did anything that would create a waiver or estoppel.

It is claimed that the retention by defendant of the proofs of loss, such as they were, was a waiver of the provision of the policy that they should be served within sixty days after the loss.

We are unable to agree with plaintiffs in that regard. Concededly the paper claimed to be a proof of loss was not served until long after the sixty-day period had expired. That being so, whatever rights plaintiffs had under the policy were extinguished by the terms of the policy itself, so that the retention of the so-called proofs of loss, concededly served late, would not estop defendant from claiming such failure as a defense and insisting that the

insured was not entitled to recover on the policy. (*Perry* v. *Caledonian Ins. Co.*, 103 App. Div. 113.)

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

All concur.

Judgment and order reversed on the law and facts and a new trial granted, with costs to appellant to abide event.