ALICE E. HESSLER, Respondent, v. THE NORTH RIVER INSURANCE COMPANY OF THE CITY OF NEW YORK, Appellant.

Fourth Department, January 14, 1925.

Insurance — automobile theft insurance — automobile was purchased by plaintiff on conditional sale contract — policy stated that sole and unconditional ownership was in insured — complaint demanded judgment reforming policy and for money damages — if plaintiff stated true facts to agent she may recover — clause that local agent could not waive provisions not applicable — waiver of service of proof of loss properly submitted to jury — special agent had apparent authority to waive service — defendant is estopped by acts from asserting failure to serve proof of loss — not error to charge that burden was on agent to ascertain facts, no written application for policy having been made — complaint having demanded both equitable and legal relief, plaintiff is not entitled to jury trial — court should have stricken case from trial calendar.

The insured may recover on a policy of automobile theft insurance, although she was not the sole and unconditional owner as stated in the policy, the automobile having been bought on a conditional sale contract, where no written application for the policy was made and the local agent was fully informed by the insured of the facts relating to the purchase, or volunteered himself to learn the facts from the automobile sales agency.

A clause in a policy which provides that the local agent cannot waive any provision thereof unless in writing indorsed upon or attached to the policy, has no application to such a situation, since that clause applies to the policy only after it is issued and not to the waiver before the policy becomes effective.

The question whether or not the insurer waived the service of the proof of loss, or estopped itself from asserting the failure to serve it, was for the jury under the facts, and there is sufficient evidence to sustain its finding in favor of the plaintiff, since it appears that the local agent told the plaintiff that she need

not serve the proof of loss, that he had notified the company and showed her a telegram from it; that the plaintiff told a special agent of the insurer about her conversation with the local agent and was informed by the special agent that what the local agent did was all right; that these transactions occurred before the time to serve the proof of loss expired, and that thereafter the insurer, acting under the right given it by the policy, referred the claim to the general adjustment bureau for adjustment and negotiated for a settlement of the loss; that the insurer accepted and retained a proof of loss served after the expiration of the time limit and based its refusal to pay upon grounds other than the failure to furnish a proof of loss.

The fact that the defendant offered evidence that the special agent's authority was limited did not prevent the plaintiff, who did not have that information, from relying upon his apparent authority.

It was not error for the court to charge that the burden was upon the defendant, represented by its local agent, to ask for such evidence or such conditions as it wished to know, and that if the agent failed to inquire as to whether there was any indebtedness or any conditional contract of sale, and without any collusion or fraud on the part of the plaintiff inserted the words showing that the title was sole and unconditional, the defendant is estopped from setting up the defense in view of the fact that there was no written application for the insurance policy.

However, the plaintiff, having demanded that the policy be reformed in equity and having also demanded money judgment for damages, was not entitled to a jury trial and the court should have stricken the case from the trial calendar.

APPEAL by the defendant, The North River Insurance Company of the City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 4th day of February, 1924, upon the verdict of a jury; also from an order entered in said clerk's office on the 9th day of February, 1924, denying the defendant's motion to strike the case from the Trial Term calendar and to transfer it to the Equity Term, and also from an order entered in said clerk's office denying the defendant's motion for a new trial made upon the minutes.

*Arthur J. Foley,* for the appellant.

*Southworth & Scanlan* [*L. N. Southworth* of counsel], for the respondent.

HUBBS, P. J.:

On March 26, 1921, the plaintiff purchased from the Sherman Sales Company of Utica, N. Y., a Marmon touring car on a conditional contract of sale. Immediately after closing the contract of purchase she telephoned to Cantwell & Bromley, Inc., local agent of the North River Insurance Company of the City of New York, the defendant herein, and asked Mr. Bromley, the secretary and treasurer of said corporation, to place a fire and theft insurance policy on the car. The policy was afterward issued to her and she placed it in a safety deposit box without reading it.

On the night of December 12, 1921, the car was stolen. The

plaintiff notified the local agent of the loss and finally, on or about March 27, 1922, the defendant advised the plaintiff that it declined to pay.    Thereafter this action was commenced.

The complaint is rather unusual.    It alleges the making of the contract, the loss, and the refusal of the company to pay and then alleges that by mistake the policy stated that the plaintiff was the sole and unconditional owner of the car and that it was fully paid for or that such statement was embodied in the policy for the purpose of defrauding the plaintiff; also that at the time she made the application for the policy she gave Mr. Bromley all the information which he asked for and did not misrepresent or conceal any fact in regard to the ownership of the car or the amount paid thereon, and did not represent to him that the purchase price of the car was fully paid.    The theory of the plaintiff's attorney was, apparently, that the act of the local agent in writing the policy with the clause therein to the effect that it should be void if the plaintiff was not the sole and unconditional owner and if the car was not fully paid for did not bind the plaintiff, as she had not made any such statement.    The defendant was not injured by the attempt of the plaintiff to plead the facts constituting a waiver of a breach of warranty in view of the fact that the plaintiff was not required to anticipate that the defendant would plead such a breach. The evidence of a waiver of the breach of warranty in question would have been competent without any allegation of waiver in the complaint.    (*Black Co.* v. *London Guarantee & Accident Co., Ltd.,* 190 App. Div. 218;  affd., 232 N. Y. 535.)

The complaint also alleged facts which tended to show a waiver of the service of a proof of loss within sixty days as required by the policy.    It demands judgment, *first,* that the policy be reformed by striking out the words " *no exceptions* " and inserting therein the words " *purchased under a conditional contract of sale and there is unpaid thereon the sum of $3,100;* " and *second,* that the plaintiff have judgment for $4,500 and interest.

The plaintiff placed the case upon the Trial Term calendar.    At the opening of the term the defendant moved to strike the case from the calendar on the ground that it was not a jury case.    An order was made denying said motion and the defendant has appealed from such order.

The defendant, in its answer, has set up two alleged defenses, *first,* that the plaintiff breached the warranty contained in said policy that she was the sole and unconditional owner of the car and concealed and misrepresented a material fact concerning the subject of the insurance, and *second,* that the plaintiff failed to serve a proof of loss within sixty days as required by the policy.

The plaintiff testified that she informed Mr. Bromley when she applied for the policy that she was not the sole owner of the car and that she had given a conditional contract of sale; also that Mr. Bromley said he would get the necessary information in order to enable him to make out the policy from the Sherman Sales Company, as he had done before. The plaintiff was corroborated as to the talk over the telephone with Mr. Bromley by the witness Buchanan. That evidence made a question of fact for the jury. If the plaintiff stated the true facts to the agent before the policy was issued and the agent, with that knowledge prepared the policy and misstated in the policy the fact as to the plaintiff's title, the plaintiff may recover. To hold otherwise would enable the defendant to perpetrate a fraud upon the plaintiff. The defendant would have received the plaintiff's money and not have given her anything of value in return. (*Forward* v. *Continental Insurance Co.,* 142 N. Y. 382; *McClelland* v. *Mutual Life Insurance Co.,* 217 id. 336.)

Even if the plaintiff did not give the defendant the information and the agent's secretary, Mr. Bromley, said he would obtain it from the Sherman Sales Company and failed to do so, the plaintiff could recover. (*Skinner* v. *Norman,* 165 N. Y. 565.)

The clause in the policy which provides that the local agent cannot waive any provision thereof unless in writing indorsed upon or attached to the policy has no application. That applies to the policy only after it is issued and not to waiver or estoppel before the policy becomes effective.

The question of whether the insurance company waived the service of a proof of loss within sixty days or estopped itself from asserting the failure to serve it within that time was properly left to the jury as a question of fact and there is sufficient evidence to sustain its finding upon that question. Within sixty days Mr. Bromley told the plaintiff that she need not serve a proof of loss, that he had notified the company of the loss, and he showed her a telegram from the company. A local agent with authority to issue policies has no power to bind the company by waiver or estoppel after a loss. (*Sinincrope* v. *Hartford Fire Insurance Co.,* 207 App. Div. 114.) That evidence became competent, however, when the plaintiff testified that she told Mr. Dosser, a special agent of the defendant, about her conversation with Mr. Bromley and he replied: " Mr. Bromley knows his business * * *. If he told you it is all right." That was before the sixty days had expired, within which time the proof of loss should have been served. Mr. Bromley testified that Mr. Dosser was a special agent of the defendant, and that " he was sent out to investigate claims and on some occasions to make settlements." He had authority to waive

the service of a proof of loss. (*Bishop* v. *Agricultural Insurance Co.*, 130 N. Y. 488; *Sergent* v. *Liverpool & L. & G. Ins. Co.*, 155 id. 349; *Smaldone* v. *Insurance Co. of North America*, 162 id. 580; *Dobson* v. *Hartford Fire Insurance Co.*, 86 App. Div. 115; affd., 175 N. Y. 557.) The fact that the defendant offered evidence that the special agent's authority was limited did not prevent the plaintiff, who did not have that information, from relying upon his apparent authority.

There is also evidence that the defendant, after the expiration cf the sixty days, acting under a right given it by the policy, did acts and required the plaintiff to do acts which were proper only under a valid existing policy. It referred the claim to the general adjustment bureau for adjustment. Mr. Kinback, of the adjustment bureau, called on the plaintiff and attempted to settle the loss for less than the face of the policy. He asked to see the policy and the plaintiff showed it to him. He also asked to see the garage where the car had been kept and the plaintiff's husband went with him to the garage, some distance from the house where they then were. These things he could only do by virtue of a valid existing policy. Where an insurance company, after knowledge of a forfeiture, negotiates with the assured and recognizes the validity of the policy and does acts based thereon and requires the assured to do something or incur trouble or expense, the jury may find from such evidence that the company has waived the forfeiture. (*Roby* v. *American Central Insurance Co.*, 120 N. Y. 510; *Dobson* v. *Hartford Fire Insurance Co., supra.*)

After the sixty days had expired the plaintiff served a proof of loss. The defendant retained it and wrote the plaintiff's attorneys that it would obtain a complete report on the case and communicate with them again. There is also evidence that the defendant based its refusal to pay upon grounds other than the failure to furnish a proof of loss within sixty days. The evidence upon this question presented an issue which was properly submitted to the jury by the learned trial court upon the question of waiver. (*Smaldone* v. *Insurance Co. of North America, supra; Dobson* v. *Hartford Fire Insurance Co., supra.*)

The court charged, at the request of the plaintiff's counsel, as follows: " The burden was upon the defendant, represented by Mr. Bromley, to ask for such evidence or such conditions as they wished to know, and that if Mr. Bromley failed to inquire as to whether there was any indebtedness or any conditional contract of sale, and without any collusion or fraud on the part of the plaintiff, he inserted the words, ' no exceptions ' that the defendant is now estopped from setting that up as a defense. The Court: I so charge, and give you an exception, Mr. Foley."

In a case where there is no written application for a policy and the assured has an insurable interest, and the policy is written without any representation by the assured or inquiry by the agent of the insurer as to the nature of the assured's title, it has been held that the insurer waives the provision of the policy in relation to title and is estopped from relying upon the defense that the assured's title is not as stated in the policy, provided the assured is free from fraud or collusion.   (26 C. J. 317.)

I am aware of the fact that there is considerable authority to the contrary.   In *Parsons, Rich & Co.* v. *Lane* (97 Minn. 98; 4 L. R. A. [N. S.] 231) the court held to the contrary after an exhaustive review of the cases. There is great conflict in the decisions as is pointed out in that case.   The question is not free from doubt but it seems to me that this court should decide in accordance with the opinions in the following cases, which represent the present state of the law on that subject in this jurisdiction.   (*Gates* v. *Madison County Mutual Insurance Co.*, 5 N. Y. 469; *Browning* v. *Home Insurance Co.*, 71 id. 508; *Short* v. *Home Insurance Co.*, 90 id. 16; *Cross* v. *National Insurance Co.*, 132 id. 133; *Wood* v. *American Fire Insurance Co.*, 78 Hun, 109; affd., 149 N. Y. 382; *Beekman* v. *Fulton Co. Farmers' Ins. Assn.*, 66 App. Div. 72; *American Artistic Gold Stamping Co.* v. *Glens Falls Insurance Co.*, 1 Misc. 114; *People* v. *Liverpool, L. & G. Insurance Co.*, 2 T. & C. 268.)   In the case at bar, as in the case of *Short* v. *Home Insurance Co.* (*supra*), the agent of the defendant testified that for the purpose of making out the policy where no written application is presented he makes inquiries and memoranda of such matters as he deems important and to suit himself and that he did so in this case.   He also testified that he called up the Sherman Sales Company and obtained certain information from it in regard to the number of the car and other matters but did not remember whether he inquired if there was any indebtedness for the car or the conditions of the sale.

If an agent is given correct information by the insured and then writes a policy with a false statement therein, the company is estopped from relying upon such false statement as a defense. (*Mead* v. *Saratoga & Washington Fire Insurance Co.*, 81 App. Div. 282; affd., 179 N. Y. 537.)   The adoption of the New York standard form of policy has not changed the law.   (*Gregerson* v. *Phenix Fire Insurance Co.*, 99 Wash. 639; L. R. A. 1918E, 521.)   There are no other exceptions to the charge which require discussion. Those parts of the charge to which other exceptions were taken were justified by the opinion in the case of *Dobson* v. *Hartford Fire Insurance Co.* (*supra*).

Had this case been tried before the court without a jury I should favor affirmance.

The complaint sets forth facts which constitute a cause of action in equity for the reformation of the policy. It also alleges facts which are appropriate to an action at law. It demands judgment for both equitable and common-law relief. The facts arose out of the same transaction and the plaintiff could properly plead both causes of action in the complaint. The plaintiff, by pleading both an equitable and a common-law cause of action and demanding both equitable and common-law relief, waived her right to a trial by jury. (*Cogswell* v. *N. Y., N. H. & H. R. R. Co.,* 105 N. Y. 319; *Carroll* v. *Bullock,* 207 id. 567; *DiMenna* v. *Cooper & Evans Co.,* 220 id. 391; *Loomis* v. *Decker,* 4 App. Div. 409; *Moe* v. *Reliance Insurance Co.,* 188 id. 977.)

The trial court should have stricken the case from the Trial Term calendar. Its failure to do so constitutes reversible error. (*Moe* v. *Reliance Insurance Co., supra.*)

CLARK, DAVIS, CROUCH and TAYLOR, JJ., concur.

Judgment and orders reversed upon the law and a new trial granted, with costs to appellant to abide event. The new trial to be held at Special Term unless the court in its discretion permits the plaintiff to amend the complaint.