ANTOINETTE SHERRI, Plaintiff, v. NATIONAL SURETY COMPANY, Defendant.

Supreme Court, New York Trial Term, February 27, 1925.

Insurance — burglary insurance — defendant issued binder for burglary insurance to plaintiff pending delivery of policy — defendant on day policy was delivered to plaintiff's broker requested its return for cancellation — contract not void for broker's failure to disclose in application for binder that plaintiff had had previous policy canceled — binder effective and obligated defendant according to terms of policy in ordinary use until delivery of corrected policy — defendant had right to cancel policy by written notice — plaintiff entitled to judgment.

Plaintiff is entitled to judgment in an action upon a policy of burglary insurance, where it appears that the defendant issued to plaintiff's broker a binder for residence burglary insurance pending the delivery of the policy; that on the day the policy was delivered to plaintiff's broker, the defendant requested its return for cancellation; and that it was not returned for six days, during which time a burglary loss was suffered by the plaintiff, since the binder issued to the plaintiff's broker, containing a recitation that it was to become void upon the delivery of a corrected policy, was effective and obligated the defendant according to the terms of the policy in ordinary use by it until delivery of a corrected policy.

The transaction between the defendant, its broker, and the plaintiff is not rendered void by the failure of the broker to disclose in his application for the binder that the plaintiff had had a previous policy canceled, since, having issued the binder without seeking information pertinent to the warranties in the final form of the policy, it cannot now contend that its contract is without effect.

Had the defendant cared to avoid its liability on the policy, it should have canceled the risk by a written notice.

ACTION on policy of burglary insurance.

*William Otis Badger* [*Paul D. Compton* and *Milo O. Bennett* of counsel], for the plaintiff.

*Prince & Loeb* [*Leon M. Prince* of counsel], for the defendant.

PROSKAUER, J.:

Defendant on March 10, 1922, issued to plaintiff's broker a binder for residence burglary insurance. Thereafter on March 14, 1922, defendant delivered a policy containing schedules of representations, one of which incorrectly stated that no previous policy issued to plaintiff had ever been canceled, whereas in fact one such policy had been canceled for non-payment of premium. On the same day, while the policy was in the broker's possession before it was actually delivered to plaintiff, defendant notified the broker that it desired to cancel the policy and requested its return; the broker replied that he would return the policy when the insurance had been

covered elsewhere. On March 20, 1922, a representative of defendant procured physical possession of the policy from some one in the broker's office not authorized to return it and the same night a burglary occurred.

Defendant urges that the whole transaction is voided by the failure of the broker to disclose when applying for the binder that a previous policy had been canceled and claims a custom requiring such disclosure. I find no such custom. When a company issues a binder it takes a somewhat blind risk for a short period of time as a part of the machinery by which it builds up its business. It is not to be expected that a placer procuring a binder effective for a short time while the company is making its investigation should without solicitation disclose all information pertinent to the warranties in a final form of policy. As was said in *Mutual Fire Ins. Co.* v. *Goldstein* (119 Md. 83; 86 Atl. 35; Ann. Cas. 1914C, 723, 726): "Having contracted, without asking for information, the defendant cannot be heard in a court of conscience to say its contract is void because it did not have what he [it] could have had for the asking."

The binder in this case recited that it was to become void upon delivery of a "corrected policy." This meant that if the policy delivered was incorrect in any respect, the binder should remain effective until a reasonable opportunity was had to procure the correction. A reasonable time for this purpose did not elapse in this case. The assured had never seen the policy which was in the broker's possession only six days. The request on the very day of its delivery for its return undoubtedly operated to deter the broker from carefully checking it up and there was acquiescence in the suggestion of the broker that the binder and policy would be returned when he had replaced the insurance. It was always in the defendant's power effectually to cancel the insurance by written notice. The legal effect of the binder was to obligate the defendant "according to the terms of the policy in ordinary use by the company." (*Lipman* v. *N. F. Ins. Co.*, 121 N. Y. 454, 458.) The ordinary policy provided for cancellation upon receipt of written notice. If the defendant wished to avoid its liability, it should have given written notice and thus brought home to the broker the necessity of immediately covering his client elsewhere.

I am satisfied that there has been a substantial exaggeration of the items of damage. As to the items embraced in Schedule A, plaintiff is entitled to recover $1,000, the limit provided by that schedule. Eight hundred and fifty dollars will fairly compensate her for the remainder of her loss. I direct judgment for plaintiff for $1,850, with interest from March 21, 1922.