SORAFINO MICELI and Another, Plaintiffs, v. ATLAS ASSURANCE COMPANY, LIMITED, OF LONDON, Defendant.

Supreme Court, Livingston County, July 16, 1927.

Insurance — fire insurance — limitation of action on policy — defendant estopped to set up defense.

A local agent, authorized to write insurance, may be held out by a company as having authority to adjust a loss so as to bind the company by his conduct and to estop it from setting up a defense that the action to recover the loss was not commenced in time.

The principles of waiver and estoppel apply where a fire insurance company permitted its local agent to so act with reference to the adjustment of a loss as to lead the insured reasonably to believe that the claim would be paid upon the settlement of a question of ownership of the property, then pending.

ACTION to recover on a policy of insurance.

*William A. Wheeler*, for the plaintiffs.

*Castle & Fitch*, for the defendant.

RODENBECK, J. The defendant issued a policy of insurance on property in Mt. Morris owned by the plaintiffs who are doing business under the name of the Genesee River Macaroni Company. The policy was issued to the company and the action seeks to reform the contract of insurance and to recover the loss sustained. The error in the name of the owner is conceded, and if the plaintiffs are entitled to recover, they are entitled to have the contract reformed so as to state the true names of the owners of the property. The fire occurred February 5, 1923, and the policy contained a provision that an action should be commenced to recover the loss within one year after the fire. This was not done, and this omission to comply with the contract is interposed as a defense to this action.

The defendant's local agent was one Swett, assistant cashier of the Genesee Valley Bank at Mt. Morris. The plaintiffs were depositors in the bank. The plaintiffs employed an attorney to look after the matter of the loss for them. The plaintiffs and their attorney and the local agent were all well acquainted and met frequently in connection with their business matters, and often spoke of the collection of the loss. The agent Swett was also agent for other insurance companies, all of which have paid their proportion of the loss. The defendant delayed payment, first because there was a dispute about the title to the property, an action relating to it being pending, but later refused to pay because of the error in the name of the owners of the property. This error is now conceded to have been a mistake in making out

the policy, and the defendant relies upon the failure to institute an action within a year after the fire.

The defense raises the question as to the authority of the local agent to act for the company in connection with the adjustment of the loss. His commission does not cover any authority in this respect, but in this instance the company has held him out as having such authority. The loss was turned over to the general adjustment bureau for adjustment and one of its agents, Vail by name, went to Geneseo and negotiated the execution of a non-waiver agreement and an arbitration agreement, but with the exception of these preliminary matters he seems not to have been active in the adjustment of the claim. He did not testify at the trial. A special agent of the company testified; but he had no authority with respect to the adjustment of the claim and took no part therein except to speak to some officer of the company relative to the delay in paying the claim. On the other hand, the plaintiffs and their attorney often spoke to the local agent Swett about the claim, and he wrote to the company numerous letters and the company wrote to him with respect to the matter. The authority of a local agent in the adjustment of a loss is well-established (*Bush* v. *Westchester Fire Ins. Co.*, 63 N. Y. 531), but in this case the company was treating the local agent Swett as their agent to adjust the claim and held him out as having that authority.

The plaintiffs claim that the local agent Swett told them that the claim would be paid when the litigation relating to the title to the property was out of the way. He testified, however, that he made no such statement but said rather that he thought the company would pay when the litigation was disposed of. The fair conclusion, however, from his testimony and that of the plaintiffs, including their attorney, is that he gave the plaintiffs and their attorney to understand that the claim was held up solely because of the litigation and that it would be paid when the title to the property was cleared up. The letter of the company of April 30, 1923, speaks of the contention concerning the title to the property and then says: " Under the circumstances therefore, we feel that this situation will have to be investigated before payment is made  *  *  *  it will be necessary for us to at least hold up the payment of this claim until we have looked further into the situation." There is an inference running through this letter that the claim would be paid as soon as the question of title was disposed of, which made it necessary for the company " to at least hold up the payment." The letter of the company of August 3, 1923, again refers to the defective title and says that " under the circumstances, therefore, we are in doubt as to the

Supreme Court, July, 1927.        [Vol. 130

advisability of our being able to pay the claim until the suit is determined." Here again there is an intimation that the claim was not disputed and would be paid when the question of title was settled, supported by an offer in the same letter to pay the mortgagee's interest and thus relieve the local agent " of that amount of embarrassment." With this understanding, that the loss would be paid when the litigation was out of the way, the plaintiffs' attorney allowed the matter to run along until the time within which this action should have been brought had expired, and now the plaintiffs must rely upon the acts and conduct of the local agent Swett and his company as the basis for the claim that the company led them to believe that the claim would be paid, and thereby waived the provisions in the contract relating to the commencement of an action to enforce the claim. (*Syracuse Lighting Co.* v. *Maryland Casualty Co.*, 226 N. Y. 25.)

The conclusion that the company intended to pay is further borne out by the fact referred to that it paid the bank a portion of the loss under a mortgage which the bank held against the property. This payment is claimed to have been made *ex gratia*, but it is hardly consistent with the position taken by the company that the policy of insurance was void. The conclusion is also supported by the failure of the company to refer the inquiries of the local agent Swett to its adjuster, and its replies to him, which it was to be expected would be communicated to the plaintiffs. The claim of waiver in *Sinincrope* v. *Hartford Fire Ins. Co.* (207 App. Div. 114) was based upon statements of a mere employee who " was in no sense an agent " of the company.

It is a clear case where a company has by a course of conduct, through its officers and local agent, put the insured off his guard and led him to believe that a provision of the contract would be waived. The waiver is not based solely upon the two letters which were sent by the main office to the local agent Swett but upon those letters and the general course of treatment of the company and the acts and conduct of the local agent, supported, as the parties had a right to assume he was, by his principal. In the interests of fair dealing it was the duty of the defendant to accept or reject this claim, and it cannot now be heard to defend after having led the plaintiffs and their attorney to believe that the claim would be paid, whether the impression was given through the home office or the company's adjuster or its local agent with the company's authority. " To determine that defendant had not waived the provision of the policy as to the limitation of time and was not estopped from asserting the same as a defense would impute to it a fraudulent intent to lull the plaintiff into inactivity,

induce it to continue negotiations until after the expiration of the thirty days and thereby secure the opportunity to later interpose a defense which it considered impregnable." (*Syracuse Lighting Co.* v. *Maryland Casualty Co., supra,* 35.)

The plaintiffs are entitled to recover for the loss sustained by them under the policy.

So ordered.