CLEMENTE CARUSONE, Plaintiff, *v.* THE AMERICAN COLONY INSURANCE COMPANY, Defendant.

Supreme Court, Schenectady County, December 27, 1930.

*Morris Marshall Cohn*, for the plaintiff.

*Edward L. O'Donnell*, for the defendant.

ROGERS, J. The only questions are: Did the local agent, who wrote the policy, have such authority that his acts and oral declarations to the insured make out a waiver on the principle of estoppel of the provision in the policy requiring proofs of loss to be filed within sixty days from the time of the fire, and if he had such authority did his acts and statements amount to a waiver?

The answer to the first question in the negative makes unnecessary the determination of the second question.

In *Quinlan* v. *Providence Washington Ins. Co.* (133 N. Y. 356) the local agent informed the insured that " He need take no further steps toward giving notice or securing proofs of loss."

The court says: " The agent of an insurance company possesses such powers and such powers only as have been conferred verbally,

or by the instrument of authorization, or such as third persons may have the right to assume he possesses. * * *

" The limitations upon the authority of Kelsey were written upon the face of the policy, which declared that ' no officer, agent or representative of the company shall have power to waive any provision or condition.' * * *

" It is immaterial whether the plaintiff read the policy or not, or that he had no actual knowledge of the conditions or of the limitations of the power of Kelsey. The conditions and limitations were a part of the contract, and he was bound to take notice of them and is not excused upon the plea that he omitted to acquaint himself with the provisions of the policy."

In *East Side Garage, Inc.*, v. *New Brunswick F. Ins. Co.* (198 App. Div. 408), where there was a provision in the policy that no representative of the company had power to waive any of the terms of the policy unless such waiver was written upon or attached thereto, the court said: " It is well established by authority that under it an agent may not effect a waiver unless it is written upon or attached to the policy as therein provided."

In *Hessler* v. *North River Insurance Co.* (211 App. Div. 595) the court recognizes the rule that a local agent is without authority to waive the due filing of proofs of loss in the following language: " A local agent with authority to issue policies has no power to bind the company by waiver or estoppel after a loss. (*Sinincrope* v. *Hartford Fire Insurance Co.*, 207 App. Div. 114)."

In the *Hesler* case it was claimed not only that the local agent made the waiver, but that his statements, upon which the waiver was found were called to the attention of the special agent and reiterated by him. Inasmuch as it did not appear that the special agent's authority was limited the court held he had the right to rely upon his apparent authority.

Under these authorities it must be held that the local agent had no power to waive the requirement regarding proofs of loss.

Plaintiff's counsel cites certain authorities dealing with the question of waiver by the local agent at the time the policies were issued, or in connection with the payment of premiums. It is the business of the local agent to countersign and issue policies and collect the premiums thereon. It is no part of his duty to adjust losses. In regard to the former acts, therefore, the courts have held that the company was bound by acts of the local agent within the scope of his authority, namely, within the scope of countersigning, issuing and delivering policies and collecting premiums thereon. But no authority is cited that a local agent is authorized to waive a requirement of the policy in reference to proofs of loss.

Moreover the authorities cited by the plaintiff largely deal with policies wherein there is no express limitation upon the local agent's authority. Since the policies have contained a clause that the local agent may not bind the company by waiver, except in writing attached to the policy, the courts have uniformly held that his implied authority is limited by the provision in the policy, and that the provision is controlling except in cases like *Satz* v. *Massachusetts Bonding Co.* (243 N. Y. 385, 390), where an exception is made based upon the theory that the company should not defeat the insurance by asserting its terms when it was in fact aware of facts that made it void. If the company knew the policy was void when issued it ought not to accept a premium relying upon the letter of the policy to defeat its enforcement.

Even if the local agent had authority to waive, it is doubtful if what he said and did amounted to an estoppel, inasmuch as the local agent only said: " That an adjuster would be down to see him in a few days," and later on May seventeenth, according to the plaintiff, the local agent stated: " That it was up to the plaintiff to do what he wanted." When that statement was made plaintiff still had until June 5, 1930, to file proofs of loss. The local agent did not promise or agree that proofs of loss were waived, or the time to serve them was extended, or that he had taken care of the matter for the insured. Plaintiff relies upon his negative attitude to establish waiver in that the agent did not inform him of the necessity of filing proofs, and did not file them for him. The company, through its local agent, was not bound to advise the plaintiff as to the requirements of the policy, or to aid him in filing the proofs of loss.

It is held in *Bollard* v. *New York Life Insurance Co.* (228 N. Y. 521) that it is the duty of insured to read his contract and know its requirements.

In *Metzger* v. *Ætna Insurance Company* (227 N. Y. 411) the Court of Appeals has said (at p. 416): " He who signs or accepts a written contract, in the absence of fraud or other wrongful act on the part of another contracting party, is conclusively presumed to know its contents and to assent to them and there can be no evidence for the jury as to his understanding of its terms."

The defendant is entitled to judgment dismissing the complaint.