Markowitz, J.
(dissenting). This is not a case where the policy was not viable under its own terms, as in Eastside Garage v. New Brunswick Fire Ins. Co. (198 App. Div. 408). In the matter before us, plaintiff financed the purchase of an automobile; the financing arrangement required the purchaser to obtain fire, theft and collision insurance; and .defendant issued a binder for this coverage, naming plaintiff as loss payee. During the following month, defendant canceled the binder for reasons dehors the binder by giving notice of cancellation to the purchaser of the *1016 ear but riot to plaintiff. Subsequently a loss occurred for which plaintiff sought recovery. In this fact pattern Trial Term properly held that the binder was not canceled as against plaintiff.
The binder insured plaintiff under the terms of the usual policy issued by defendant. Unless something in the binder indicated a contrary intent, written notice was required to cancel it (Sherri v. National Sur. Co., 243 N. Y. 266, 270-271, affg. 215 App. Div. 808, which affd. 124 Misc. 450). li Generally the insurer must give notice to all of the insureds named in the policy.” (6A Appleman, Insurance Law and Practice, § 4182, p. 526.) This includes a lienholder under an automobile policy named in the loss payable clause even where the insured was under no contractual obligation to obtain insurance for the lien-holder (Chase v. National Ind. Co., 129 Cal. App. 2d 853). For the loss payable “ clause amounts to notice by the insurer of its recognition of such person’s interest ” (5A Appleman, Insurance Law and Practice, § 3335, p. 143; Fields v. Western Millers Mut. Fire Ins. Co., 290 N. Y. 209, 212-213).
To put it differently, the loss payable clause created an independent contract of insurance for the benefit of plaintiff. Valid and enforceable in its inception, this insurance continued in force until the contract was canceled by proper notice to plaintiff (see Goldstein v. National Liberty Ins. Co., 256 N. Y. 26, 29, 31-32; Syracuse Sav. Bank v. Yorkshire Ins. Co., 301 N. Y. 403, 407). (Absent notice of cancellation to plaintiff, as to her the binder was infforce and effect when the loss occurred.
I therefore dissent and vote to affirm.
Quinn, J. P., and Street, J., concur in Per Curiam opinion; Markowitz, J., dissents in memorandum,
Judgment reversed, etc.