Cecilia Kwiatkowski et al., Respondents, *v.* The Brotherhood of American Yeomen, Appellant.

Insurance — contract — warranty — evidence — provision in contract that answers to questions were to be regarded as statements of insured and that false statements should preclude recovery — erroneous admission of evidence to show that applicant could not read and that question falsely answered was never asked — beneficiaries claiming under contract may recover only in accordance with its terms.

Where, by the express terms of a contract of life insurance the answers contained in the application, which is annexed to and made part of the contract, are to be regarded as statements of the insured and she agrees that there shall be no recovery if such statements are false, it is error, in an action to recover on the contract, to permit the plaintiff to show that insured could not read or write English, that the questions were put to her by the medical examiner in a foreign language and that she was never asked the question which in the written statement is answered falsely and that she never gave such answer. The applicant might have refused to accept the contract until it had been read over and interpreted to her by some person in whom she had confidence and was deterred by no act of defendant from learning its contents. The beneficiaries, therefore, claiming under such contract, may recover only in accordance with its terms. (*Satz* v. *Massachusetts Bonding & Ins. Co.*, 243 N. Y. 385, followed.)

*Kwiatkowski* v. *Brotherhood of Am. Yeomen*, 216 App. Div. 647, reversed.

(Argued October 4, 1926; decided October 19, 1926.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 11, 1926, affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court.

*John H. Clogston* for appellant. The plaintiff cannot recover. (*Stanulevich* v. *St. Lawrence Life Association*, 228 N. Y. 586; *Davern* v. *American M. L. Co.*, 241 N. Y. 318.)

*Percy S. Lansdowne* and *Robert J. Lansdowne* for respondents. The plaintiffs have established their cause of action and are entitled to recover. (*Sutter* v. *Vande-*

*veer,* 122 N. Y. 652.) The statement in the application as to the number and ages of the children of the insured in no event was a warranty. (*Jennings* v. *Supreme Council,* 81 App. Div. 76; *Sternaman* v. *Metropolitan Life Ins. Co.,* 170 N. Y. 13; *Gioia* v. *Metropolitan Life Ins. Co.,* 97 Misc. Rep. 380; *Grubiak* v. *John Hancock Mutual Life Ins. Co.,* 208 App. Div. 714; *Moore* v. *Prudential Casualty Co.,* 170 App. Div. 849; *Charlton* v. *Metropolitan Life Ins. Co.,* 202 App. Div. 757.)

*Per Curiam.* The plaintiffs herein are the beneficiaries named in the certificate of membership issued by this defendant to Julianna Boldt, the mother of the plaintiff, Cecelia Kwiatkowski. Under the terms of the certificate the defendant agreed to pay to the beneficiaries the sum of five thousand dollars upon the death of Mrs. Boldt. The certificate was delivered to Mrs. Boldt. In accordance with section 232 of the Insurance Law (Cons. Laws, ch. 28) the certificate provided that the " charter or articles of incorporation, the by-laws of the association, and the application for membership, and the medical examination, signed by the applicant, with all amendments to each thereof, shall constitute the agreement between the association and the member." Annexed to the certificate at the time of its delivery and forming a part thereof was a photostatic copy of the application for membership containing questions and answers. This was signed by Mrs. Boldt with her mark, and contains a provision: " I further agree that the statements and answers made herein, the pen or photographic copy of which being attached to my certificate, shall be held to be my statements, and I agree that any untrue answer to any question * * * shall immediately, whether material to this risk or otherwise, * * * render the certificate issued null and void."

It is undisputed that the answer to one of the questions, as set forth in this written statement, is untrue.

The applicant made a contract with the defendant. That contract is in writing. By its express terms the answers contained in the photostatic copy of her application were to be regarded as her statements, and she agreed that there should be no recovery if such statements were false. The plaintiffs, in spite of this clause in the contract, have been permitted to introduce evidence to show that the applicant could not read or write English, that the questions were put to her by a medical examiner in the Polish language, and that she was never asked the question which in the written statement is answered falsely, and that she never gave such answer. If the plaintiffs were seeking a reformation of the contract made by the applicant, through whom they claim, evidence that the answers contained in the written statement were never given and that the defendant, through its agents, have taken unfair advantage of her disability to read English, might be relevant. We do not pass upon such question now. In the present case the plaintiffs are suing upon a contract and under its terms are not entitled to a recovery. The applicant might have refused to accept that contract until it had been read over and interpreted to her by some person in whom she had confidence. She chose not to do so. The defendant had not previously agreed to issue any certificate or policy except upon the terms of the written contract. The applicant was not deterred by any act of the defendant from learning its contents. We have held in *Satz* v. *Massachusetts Bonding & Insurance Co.*, 243 N. Y. 385 (decided herewith) that the beneficiaries claiming under such contract may recover only in accordance with its terms.

The judgments should, therefore, be reversed and the complaint dismissed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.