Lew A. Satz, Respondent, *v.* Massachusetts Bonding and Insurance Company, Appellant.

Insurance — contract — warranty — estoppel — insurance company estopped from enforcing condition where it had knowledge of facts not noted in policy — not estopped from standing on breach of warranty set forth in policy by delivery thereof with knowledge on its part of the facts — insurer has right to rely upon warranties written into policy notwithstanding any knowledge it may have.

1. The rule that if an insurance company or its general agent is at the time of the issue of a policy notified of facts which, under the terms of the policy, would render it void if not noted on the policy, the company cannot avail itself of such a defense, remains, with proper limitations, the law of the State. Estoppel applies to the breach of a condition and the insurance company may be estopped from enforcing the condition and claiming a forfeiture. Where, however, a warranty contained in the policy itself is vital to the contract, the breach thereof is not acquiesced in by the delivery of the policy with knowledge thereof on the part of the company's agent and estoppel will not suffice to prevent a showing that it has been broken.

2. Where, therefore, in an action to recover upon a policy of burglary insurance, the answer alleges as a defense and the reply admits breaches of warranty in that statements of the assured, set forth in the policy and thereby made the basis of the insurance, were untrue, a contention that defendant is estopped from claiming a forfeiture because the policy was issued with full knowledge on its part of the facts, cannot be sustained. The warranties being written into the policy the company has the right, in spite of any knowledge or information it may have, to rely thereon. (*Bol'ard* v. *N. Y. Life Ins. Co.*, 98 Misc. Rep. 286; 182 App. Div. 915; 228 N. Y. 521, followed.)

*Satz* v. *Massachusetts Bonding & Ins. Co.*, 217 App. Div. 734, reversed.

(Argued September 28, 1926; decided October 19, 1926.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 21, 1926, which affirmed a determination of the Appellate Term reversing a judgment of the City Court of the city of New York in favor of defendant, entered upon an order of that court granting a motion for judgment on the pleadings.

I. *Maurice Wormser, Albert J. Rifkind* and *Thomas T. Reilley* for appellant. The plaintiff is estopped from questioning the warranties. Good faith toward the defendant, honest and upright dealing, as well as reasonable care on the part of the plaintiff, required him to examine his policy, and his failure to make such examination, especially in the absence of any claim that the defendant or its agent did anything to mislead him, and thereby prevent him from reading his policy, or which lulled him into a feeling of security, that the policy did in effect contain the plaintiff's statements of all prior losses, declinations and cancellations of insurance, constitutes laches on the part of the plaintiff, as a matter of law, which precludes him from asserting an estoppel against the defendant. (*Metzger* v. *Ætna Ins. Co.,* 227 N. Y. 411; *Stanulevich* v. *St. Lawrence L. Assn.,* 228 N. Y. 527; *Baumann* v. *Preferred Accident Ins. Co.,* 225 N. Y. 487; *Enthoven* v. *American Fidelity Co.,* 150 App. Div. 928; 211 N. Y. 561; *Allen* v. *German-American Ins. Co.,* 123 N. Y. 6; *Wolowitch* v. *National Surety Co.,* 152 App. Div. 14; *Preston* v. *Ætna Ins. Co.,* 193 N. Y. 142; *Gans* v. *Ætna Ins. Co.,* 214 N. Y. 326; *Whiteside* v. *North American Ins. Co.,* 200 N. Y. 320; *Kean* v. *National Surety Co.,* 241 N. Y. 252; *Rosenthal* v. *American Bonding Co.,* 207 N. Y. 162.) The reply to the third and fourth affirmative defenses is insufficient, as a matter of law, to defeat the warranties in the policy. (*Wolowitch* v. *Nat. Surety Co.,* 152 App. Div. 14; *Romberg* v. *Kouther,* 27 Misc. Rep. 228; *Arf* v. *Star Fire Ins. Co.,* 125 N. Y.

57; *North* v. *Piza,* 43 App. Div. 284; affd., 167 N. Y. 578; *Feinstein* v. *Massachusetts Bonding & Ins. Co.,* 184 App. Div. 233; 230 N. Y. 621.)

*Alfred B. Nathan* for respondent.   Knowledge by the defendant of the prior declination and cancellation of other policies at the time of the issuance of the policy in suit estopped the defendant from asserting that its policy was void because of alleged breaches of warranty in this regard. (*Van Schoick* v. *Insurance Co.,* 68 N. Y. 434; *Robbins* v. *Insurance Co.,* 149 N. Y. 477; *Forward* v. *Insurance Co.,* 142 N. Y. 382; *Lewis* v. *Insurance Co.,* 181 N. Y. 381; *New York Mutual, etc., Association* v. *Insurance Co.,* 110 App. Div. 760; 189 N. Y. 525; *McClelland* v. *Insurance Co.,* 217 N. Y. 336; *Wood* v. *Insurance Co.,* 149 N. Y. 382; *Graham* v. *Ins. Co.,* 204 App. Div. 103; *Houlden* v. *Insurance Co.,* 188 App. Div. 734; 231 N. Y. 636; *Short* v. *Insurance Co.,* 90 N. Y. 16; *Draper* v. *Insurance Co.,* 190 N. Y. 12; *Gray* v. *Insurance Co.,* 155 N. Y. 180; *Skinner* v. *Norman,* 165 N. Y. 565.)   Parol evidence is admissible to show that defendant at the time of the issuance of its policy was notified of the real facts in regard to the prior declination and cancellation of other policies of the plaintiff. (*Bennett* v. *Buchan,* 76 N. Y. 386; *Thebaud* v. *Insurance Co.,* 84 Hun, 1; 155 N. Y. 516; *Bidwell* v. *Insurance Co.,* 24 N. Y. 302; *Woodruff* v. *Insurance Co.,* 83 N. Y. 133; *Short* v. *Insurance Co.,* 90 N. Y. 18; *Davern* v. *Insurance Co.,* 241 N. Y. 318; *Forward* v. *Ins. Co.,* 142 N. Y. 382; *Koenig* v. *Insurance Co.,* 16 Misc. Rep. 531; *Carmichael* v. *Insurance Co.,* 45 Misc. Rep. 597; Richards on Insurance [3d ed.], 161–163.)

Pound, J.   The action is on a policy of burglary insurance.   The policy provides:

"THE MASSACHUSETTS BONDING & INSURANCE COMPANY, hereinafter called the Company, in consideration

of the payment of the premium and of the statements contained in the schedule hereof, which statements the assured makes on the acceptance of this policy and warrants to be true, hereby agrees to indemnity, in the amounts as defined in Item Twelve (12) of said schedule, the person or persons designated in Statement One (1) thereof."

In the schedule which is attached to and forms part of the policy it is also expressly provided that the " statements herein contained are made the basis of this insurance, and the assured, by the acceptance of this policy, hereby warrants them to be true."

The plaintiff's ninth warranty, which is found in the schedule, reads: " No burglary, theft or robbery insurance applied for or carried by the assured, at the premises. covered hereby or elsewhere has ever been declined or canceled, except as herein stated — No exceptions."

Printed in bold type, on the front of the policy at the bottom thereof, are the words " PLEASE READ YOUR POLICY."

The complaint alleges a loss under the terms of the policy and a denial of liability thereunder. The answer sets up as defenses: 1. A breach of warranty in that an application by the assured for a policy of burglary insurance had been declined by one insurance company; and, 2. A further breach of warranty in that a burglary insurance policy issued to assured had been canceled by another insurance company.

Plaintiff's reply does not deny the making of the warranties and admits that the application had been denied and the policy canceled as alleged in the answer but alleges that the policy in suit was issued with full knowledge of the facts and that defendant is estopped from alleging such breach of warranty. Motion was made by defendant for judgment on the pleadings in the City Court of the City of New York and granted. The Appellate Term reversed the judgment and denied the

motion. The Appellate Division affirmed by a divided court, two of the justices dissenting. An appeal to this court was allowed on the following certified questions:

" 1. Is parol evidence, as to the prior alleged negotiations set forth in the reply, admissible to overcome the breach of the warranties which form the basis of the defenses to the plaintiff's action on said policy in the City Court of the City of New York, where there is physically attached and incorporated into said policy a schedule of the aforesaid warranties which, by the terms of the policy, the assured on the acceptance thereof warrants to be true?

" 2. Is the plaintiff, in an action on a policy of burglary insurance instituted in the City Court of the City of New York, estopped from offering parol evidence to overcome the warranties contained in the schedule incorporated in the policy, which warranties, by the terms of the policy, the assured warrants are true upon acceptance and are made the basis of the insurance, where the reply of the plaintiff to the affirmative defenses of breach of said warranties contained in the schedule fails to allege that the defendant did anything to prevent him from examining the policy?

" 3. Is the plaintiff in his action in the City Court of the City of New York, on a policy of burglary insurance, estopped from adducing parol evidence; to overcome the breach of warranties affirmatively pleaded in the answer; of representations alleged, in his reply, to have preceded delivery of the policy (which alleged representations are inconsistent with the warranties upon the breach of which said affirmative defenses are predicated), where the warranties alleged to have been breached are contained in a schedule physically attached to and incorporated in the policy, where the policy, accepted and retained by the assured, by its terms provides that the warranties are the basis of the insurance and the assured by the acceptance of the policy warrants that they are

true, and where the reply does not allege that the defendant did anything to prevent the plaintiff from reading the policy, upon the front of which, when folded for delivery and accepted, appeared in bold type the words ' PLEASE READ YOUR POLICY ' ?

" 4. Is the reply to the third and fourth defenses contained in the answer insufficient, as a matter of law, entitling the defendant to judgment on the pleadings? "

It has been broadly stated: " The law is well settled in this State that if the insurance company or its general agent is at the time of the issue of the policy notified of facts which, under the terms of the policy, would render it void if not noted on the policy, the company cannot avail itself of such a defense." (*Lewis* v. *Guardian Fire & Life Assur. Co.,* 181 N. Y. 392, 395, citing *Van Schoick* v. *Niagara Fire Ins. Co.,* 68 N. Y. 434; *Wood* v. *American Fire Ins. Co.,* 149 N. Y. 382.) This rule was repudiated by the Supreme Court of the United States in the case of *Northern Assur. Co.* v. *Grand View Building Association* (183 U. S. 308; 203 U. S. 106) as fallacious and as overlooking the general principle that a written contract cannot be varied or defeated by parol evidence but it remains, with proper limitations, the law of the State. (*McClelland* v. *Mut. Life Ins. Co.,* 217 N. Y. 336, 345.) It has been applied to conditions on the face of the policy to the effect that the policy shall be void if the insured is not in good health when the policy is delivered (*McClelland* v. *Mut. Life Ins. Co., supra*); if the building insured is on leased land, is incumbered, unoccupied, or if the title of the insured is other than of unconditional ownership (*Van Schoick* v. *Niagara Fire Ins. Co., supra*); to representations or warranties not physically a part of the policy of insurance (*Sternaman* v. *Met. Life Ins. Co.,* 170 N. Y. 13); or to cases where the company has been guilty of some fraud or unfair conduct whereby the assured is led to believe that the warranty relied on is not made a part of the contract. (*Davern* v. *American*

*M. L. Ins. Co.,* 241 N. Y. 318.)    But here there is no claim of fraud and the insured is cautioned to read his policy.

In the case of *Bollard* v. *N. Y. Life Insurance Co.* (98 Misc. Rep. 286) Judge LEHMAN, then Mr. Justice LEHMAN, sitting in Appellate Term, wrote a notable opinion which marks a new departure on this subject. There as here the warranties were a part of the contract; there it was claimed that the applicant for insurance correctly answered the questions but the representative of the company entered wrong answers on the blank and the insured signed the application without reading it over. There section 58 of the Insurance Law (Cons. Laws, ch. 28) required the policy of a life insurance company to contain the entire contract.    Here the policy contains the entire contract, although section 58 does not apply. (*Baumann* v. *Preferred Accident Ins. Co.,* 225 N. Y. 480.) Judge LEHMAN distinguished the cases in which an estoppel had been found and quoted with approval from the opinion in the case of *Hook* v. *Michigan Mut. Life Ins. Co.* (44 Misc. Rep. 478; affd., 139 App. Div. 922) as follows: " Good faith toward the defendant as well as reasonable care on the part of the plaintiff required an examination of the contract, and a failure to make such examination constituted laches on the part of the plaintiff which precludes him from asserting an estoppel against the defendant."

The dismissal of the complaint in the *Bollard* case was affirmed in 182 App. Div. 915 and 228 N. Y. 521.    It has been followed in *Stanulevich* v. *St. Lawrence Life Assn.* (228 N. Y. 586).    Judge LEHMAN writing in the *Davern Case* (*supra,* at p. 326) further elucidated it as follows: " In that case, however, the oral answers were given to an agent and the insured knew that they were reduced to writing by the agent.    He knew further that the answers so reduced to writing were annexed to the policy delivered to him, as required by statute, so that he

might have the opportunity to examine the answers which the insurance company claimed he had given before it assumed the risk. The company was compelled to rely on its agent as to the nature of the representations made. The insured had personal knowledge and under such circumstances the company had the right to rely upon the correctness of the answers inserted in the policy, since, with full knowledge by the insured that opportunity to examine the policy and the representations upon which the company claimed that it was issued was offered the insured for his protection and to enable him to object, the insured chose to accept the policy as correct without examination."

It may be difficult logically to distinguish between the application of the doctrine of waiver and estoppel to a condition incorporated in the policy the breach of which voids the policy and to a breach of warranty. The duty imposed on the insured to read his policy; the application of the parol evidence rule thereto; vary almost imperceptibly as applied to either case. In insurance law the term warranty is not infrequently convertible with condition. The breach of a condition precedent may often affect the liabilities of the parties more seriously than the breach of a warranty. We have, however, in recent cases thus sought to distinguish and divide: If a warranty contained in the policy itself is vital to the contract the breach thereof is not acquiesced in by the delivery of the policy with knowledge thereof on the part of the company's agent. Estoppel will not suffice to prevent a showing that it has been broken. But estoppel applies to the breach of a condition. The insurance company may be estopped from enforcing the condition and claiming a forfeiture.

The *Bollard* case may be distinguished by the fact that in that case it might be said that the knowledge of the agent was not the knowledge of the company and that the company was compelled to rely on its agent.

Here it is alleged that the company investigated and knew the facts.   But in the *Bollard* case it was claimed that the insured gave truthful answers to the questions while here the answers were untrue.   We come then to the application of the principle that warranties are not restricted to facts unknown to the company when issuing the policy.   If the warranties are written into the policy the company has the right, in spite of any knowledge or information it may have, to rely thereon.   (*City of New York* v. *N. Y. & S. B. Ferry & S. T. Co.*, 231 N. Y. 18, 26.)   The *Bollard* case is, therefore, controlling.   The tendency on the part of the courts to treat insurance contracts as standing in a class by themselves and to protect against forfeitures invoked in defense of honest claims has led to much subtlety.   As Professor Woodruff says in his preface to his " Cases on Insurance " (2d ed. p. v): " What do they know of the law of the insurance contract who only the law of contract know? "   But the present rule of the New York courts as applicable to this case is established and on it we rest our decision without further attempt to harmonize all the cases on the subject.

Question No. 1 should be answered in the negative. Questions 2, 3, 4 in the affirmative.

The order of the Appellate Division should be reversed and the judgment of the City Court affirmed, with costs of all appeals.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; LEHMAN, J., absent.

Ordered accordingly.