**36** POSNICK-NONAS CO., INC., *v.* U. S. FIDELITY & GUARANTY CO.

First Department, December, 1927. [Vol. 222

POSNICK-NONAS CO., INC., Appellant, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.

First Department, December 2, 1927.

**Insurance — burglary insurance — defense of breaches of warranty — defendant alleges that plaintiff breached warranty as to sole occupancy of building — portion of one floor of building was in possession of sublessee when policy was issued — reply is sufficient which alleges facts constituting implied waiver or estoppel — reply which does not show facts constituting waiver of warranty is stricken out.**

The defendant issued a policy of burglary insurance to the plaintiff which contained warranties to the effect that the building insured was solely occupied by the plaintiff and that no other business was conducted on the premises. In this action to recover on the policy, the defendant alleges a breach of the warranties in that a part of the tenth floor of the building was in possession of a subtenant. One reply by the plaintiff was to the effect that the defendant, prior to the loss, had knowledge of the subletting and that after proof of loss was given it caused its agents to visit and inspect the premises, and with knowledge of such subletting it retained the proofs of loss and required the plaintiffs to appear and be examined pursuant to the terms of the policy. This reply is sufficient in law, since it alleges facts which, if proven, constitute an implied waiver or estoppel.

The plaintiff also replied to the answer by alleging that prior to the issuance of the policy, but after the application had been made, the defendant caused its agents to visit and inspect the premises and that said agents, with knowledge that a subtenant was in possession of a part of the premises, directed the plaintiff to make repairs and alterations, and that after said repairs and alterations were made, the defendant, with knowledge of the occupancy by the subtenant, issued the policy. The facts alleged in this reply are not sufficient to show unfair dealing on the part of the defendant which tended to lead the plaintiff to believe that the warranty in question was not to be a part of the written contract, and, therefore, the court properly struck out that part of the reply.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 27th day of April, 1927.

Harris Jay Griston of counsel [*Cohn & Lipkowitz,* attorneys], for the appellant.

*Sidney J. Loeb* of counsel [*Leon M. Prince* with him on the brief : *Prince & Loeb,* attorneys], for the respondent.

O'MALLEY, J. Here is involved the sufficiency of three separate and distinct avoidances contained in the reply. The action is on a policy of burglary insurance and the complaint is in the usual form. The answer, in addition to the denials, contains three

separate and distinct defenses, with only one of which are we concerned.   This is based on certain alleged breaches of warranty in the schedule forming part of the policy which are:

" Statement 3. The portion of the building occupied solely by the Assured in conducting his business is 10th floor.

" Statement 4. The business conducted by the Assured in the premises is that of Mfr. of Wearing Apparel.

" Statement 5. No other business is conducted in the premises, except as herein stated; no exceptions."

It is then alleged that plaintiff sublet a portion of the tenth floor to two or more subtenants, " thereby changing the conditions and circumstances of the risk assumed by the defendant, all of which was without the knowledge or consent of the defendant."

Plaintiff was directed to reply to this and other defenses.   After denying the material allegations of the answer, except to admit the issuance of the policy, it was alleged that for some time prior to and at the time the policy was issued, the plaintiff had a sub-tenant on the tenth floor.   Then followed three separate avoidances, each of which was designated as a separate and distinct reply.

The first was to the effect that prior to the loss the defendant through its adjuster, accountant, agents and employees was informed and had knowledge of the subletting to a tenant known as the Leder Dress Company; that after the defendant received notice of the loss it caused its accountant, adjuster and other representatives to visit and inspect the premises and further that with knowledge of such subletting and after receipt of notice of loss and within sixty days of the discovery thereof it required the plaintiff to appear at the office of its adjuster who then and there examined the plaintiff pursuant to the terms and conditions and the rights of the defendant under the policy; that within sixty days after discovery of the loss and after defendant had notice and knowledge of the subletting, it accepted and retained proof of loss without objection; that by reason of its investigation, the preparation and delivery of the proof of loss and the examination required of plaintiff and conducted by the defendant, the plaintiff was put to trouble and expense.   These facts are then alleged to be a waiver of the plaintiff's default in failing to inform the defendant of the subletting.   In the second avoidance the same facts are alleged as the basis of estoppel.

The substance of the third is that at the time application for the policy was made, the plaintiff had sublet a portion of the tenth floor and its subtenant was in possession; that subsequent to the date of the application and prior to the issuance of the policy, the

**38**  Posnick-Nonas Co., Inc., *v.* U. S. Fidelity & Guaranty Co.

First Department, December, 1927.                    [Vol. 222

defendant caused its agents to visit and inspect the premises and
as a result had knowledge that the subtenant was in possession,
and with such knowledge directed plaintiff to make repairs,
alterations and changes in the premises at cost and expense to it,
for the purpose of making them, in so far as occupied by the plain-
tiff, satisfactory to the defendant and as an inducement and con-
dition for the defendant to issue the policy. Then it is alleged
that with knowledge of such occupancy by a subtenant of a portion
of the tenth floor, and after the plaintiff had made repairs and
alterations required at considerable cost, the defendant issued its
policy.

The allegations contained in the first and second avoidances,
if proved, were sufficient to constitute implied waiver or estoppel.
(*Kiernan* v. *Dutchess County Mut. Ins. Co.*, 150 N. Y. 190; *Walker*
v. *Phœnix Ins. Co.*, 156 id. 628; *Roby* v. *A. C. Ins. Co.*, 120 id. 510.)
They are to the effect that the defendant, with full knowledge
of the alleged breach and consequently of defendant's right to
claim a forfeiture, elected to treat the policy as valid and enforcible
by insisting that certain of its provisions be observed by the plain-
tiff. These were with respect to an enforcement of all its rights
under the contract with respect to the proofs of loss. In addition,
they show that the defendant subjected the plaintiff to trouble
and expense in connection with an examination pertaining to such
proofs of loss, facts which may upon proof be sufficient to con-
stitute misleading conduct. As was said in the case first above
cited (pp. 194, 195): " The distinction between waiver and estoppel,
as applied to the law of insurance, is not in all respects clearly
defined. An express waiver is in the nature of a new contract,
modifying to some extent the old one. It does not require a new
consideration, unless it is by inducing a change of position, for the
law of waiver seems to be a ' technical doctrine, introduced and
applied by courts for the purpose of defeating forfeitures.' (*People*
v. *Manhattan Co.*, 9 Wend. 351, 381; *Knickerbocker Ins. Co.* v.
*Norton*, 96 U. S. 234.) An estoppel forbids the assertion of the
truth by one who has knowingly induced another to believe what is
untrue and to act accordingly. While express waiver rests upon
intention, and estoppel upon misleading conduct, implied waiver
may rest upon either, for it exists when there is an intention to
waive unexpressed, but clearly to be inferred from circumstances,
or when there is no such intention in fact, but the conduct of the
insurer has misled the insured into acting on a reasonable belief
that the company has waived some provision of the policy. (*Ronald*
v. *Mutual, etc., Life Assn.*, 132 N. Y. 378; *Armstrong* v. *Agricultural
Ins. Co.*, 130 N. Y. 560; 2 Biddle on Insurance, § 1052.) While the

principle may not be easily classified, it is well established that if the words and acts of the insurer reasonably justify the conclusion that with full knowledge of all the facts it intended to ' abandon or not to insist upon the particular defense afterward relied upon,' a verdict or finding to that effect establishes a waiver, which, if it once exists, can never be revoked."

The principle of these cases is fully recognized in *Black Star Line, Inc.,* v. *Baltica Insurance Co., Ltd.* (220 App. Div. 434), which case is readily distinguishable upon the facts. There it was expressly held that there was nothing to show either waiver or estoppel. In that case the insurer did nothing after the receipt of proof of loss to indicate its intention to treat the policy as in effect or to require the insured to comply with any of its provisions. In fact, no authority cited by the respondent in any way conflicts with the authorities first above cited.

The sufficiency in law of the facts alleged as ground of the third avoidance presents a more troublesome question. In *Satz* v. *Massachusetts Bonding & Ins. Co.* (243 N. Y. 385), recently decided by the Court of Appeals, there is clearly indicated a departure from the principle of earlier decisions, wherein it seems quite generally to have been held that it is competent to establish by parol evidence waiver of a warranty of the character contained in the policy before us. Concededly there was here a warranty. The *Satz* case recognizes a distinction between a waiver and estoppel as applied to a condition and as applied to a warranty. Judge POUND, in writing for the court, said (p. 392): " If a warranty contained in the policy itself is vital to the contract the breach thereof is not acquiesced in by the delivery of the policy with knowledge thereof on the part of the company's agent. Estoppel will not suffice to prevent a showing that it has been broken. But estoppel applies to the breach of a condition. The insurance company may be estopped from enforcing the condition and claiming a forfeiture."

And further it was stated (p. 393): " If the warranties are written into the policy the company has the right, in spite of any knowledge or information it may have, to rely thereon."

The appellant endeavors to distinguish the *Satz* decision upon the ground that in that case there was no claim of fraud or unfair dealing. However, assuming this to be true, the court quite clearly indicates that the fraud or unfair dealing should be such as to lead the insured " to believe that the warranty relied on is not made a part of the contract."

In that portion of the pleadings now under consideration, the most favorable interpretation to the plaintiff that can be given

First Department, December, 1927. [Vol. 222

is that the defendant was guilty of unfair dealing by ordering alterations in the premises occupied by the insured with resultant expense to the plaintiff after knowledge of existing facts which would be a breach of warranty under the policy as finally issued. However, there is nothing to show that such unfair dealing led the plaintiff to believe that the warranty in question was not to be part of the written contract.

It follows, therefore, that the order appealed from should be modified by denying the motion to strike out, in so far as it relates to the first and second avoidances in the reply, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Order modified by denying motion to strike out, in so far as it relates to the first and second separate and distinct avoidances in the reply, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.