WILLIAM H. HUBBARD, Appellant, *v.* OHIO FARMERS INSURANCE COMPANY OF LEROY, OHIO, Respondent.

Fourth Department, June 29, 1928.

*Sebring & King* [*James O. Sebring* of counsel], for the appellant.

*Cheney & Costello* [*W. Earle Costello* of counsel], for the respondent.

TAYLOR, J. The action is for damages under a fire insurance policy covering an automobile. The plaintiff has been nonsuited under the following state of facts. His assignor, while in possession of the automobile under a lease (the title resting in a finance corporation) applied for fire insurance to a person who concededly represented this defendant for that purpose. It is undisputed that the following conversation occurred: " I [the plaintiff's assignor] said I had an automobile I wanted to get insured. * * * She [defendant's agent] said ' Is this car yours? ' I said ' There is one payment back on it, * * * one payment of $108 back.' Q. Was that all that was back at that time? A. Yes, sir."

The policy contained these provisions: " The automobile described is fully paid for by the assured and is not mortgaged or otherwise encumbered except as follows: No exceptions. * * * It is a condition of this policy that it shall be null and void: * * * (c) If the interest of the assured in the property be other than unconditional and sole ownership, or if the subject of this insurance be or become encumbered by any lien or mortgage except as stated in Warranty No. 3 or otherwise indorsed hereon." (The exceptions last mentioned are inapplicable.)

The fact was that the automobile had not then been paid for in full, although within two months, and before the fire, all payments were made. Defendant contends that these were material false representations preceding and inducing the issuing of the policy and avoiding it from the beginning; while the plaintiff contends that there was no falsity in the statement made by plaintiff's assignor. There is no basis for a claim that before the policy was issued the defendant had any knowledge or information as to the title other than that derived from the statement by plaintiff's assignor.

The words " warranty," " condition," " condition precedent " and " representation "— found in the law books in discussion of rights under insurance policies — have not always been used with nice discrimination. If the provisions relative to the title to the automobile, in the policy under consideration, were placed in it by defendant in reliance upon the prior statement made by plaintiff's assignor, and the statement was material and false, its falsity avoided the policy from the beginning. And it is unimportant

whether the statement was oral or written, or whether or not it was itself a physical part of the policy, or what name be given to it or to its effect.

If the fair purport of the applicant's statement was that, while the automobile was admittedly not entirely paid for, an unincumbered title was in applicant, the representation as to the title was false. Its materiality is manifest. It is fair to assume that the policy was issued and the provisions as to title inserted in it in reliance upon the representation. Therefore, under such assumption, the insured sanctioned and was bound by the false statement in the policy as to the title, whether he read the policy or not. And he and his successor in interest, this plaintiff, were and are estopped from asserting that the provisions in the policy are mere " conditions." (*Bollard* v. *New York Life Ins. Co.*, 98 Misc. 286; affd., 182 App. Div. 915; 228 N. Y. 521; *Hook* v. *Michigan Mutual Life Ins. Co.*, 44 Misc. 478; affd., 139 App. Div. 922.) Nor is it material whether the applicant's statement be called a misrepresentation or the resulting provision in the policy a warranty. If a " warranty," it is based on a representation materially false and, therefore, avoids the policy. (3 Cooley Briefs on Insurance [2d ed.], 1901.) The defendant may successfully assert the statement in full defense, because the result is the same as if plaintiff's assignor had made the false statement in writing and attached it to the policy. Then it would have been a false warranty, avoiding the policy *ab initio*. (*Kwiatkowski* v. *Brotherhood of American Yeomen*, 243 N. Y. 394; *Satz* v. *Massachusetts Bonding & Ins. Co.*, Id. 385.)

On the other hand, if the conversation may fairly be said to have meant that the automobile did not belong to the applicant because it was then not fully paid for, there was no false statement. And in that case, if the company, without making more extended inquiry, saw fit to issue the policy containing the quoted provision as to the title, it did so entirely upon its own initiative, and there was no misrepresentation nor condition precedent nor warranty upon which the company could base a defense. (*Forward* v. *Continental Ins. Co.*, 142 N. Y. 382; *Davern* v. *American M. L. Ins. Co.*, 241 id. 318; *Hessler* v. *North River Ins. Co.*, 211 App. Div. 595.)

While the subject-matter of the conversation referred to is not a matter of controversy, we deem its true import to the average man to be a conclusion of fact. (*Brooks* v. *Erie Fire Ins. Co.*, 76 App. Div. 275; affd., 177 N. Y. 572; *Smith* v. *Home Ins. Co.*, 47 Hun, 30; *White* v. *Hudson River Ins. Co.*, 7 How. Pr. 341.) This being so, the court should have submitted the whole case to the jury, or should have permitted the jury to say what the conversation meant, and then have determined itself as a matter of law

whether or not there was a misrepresentation or false warranty avoiding the policy.

The judgment appealed from should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide event.