DAVID FISHER and Another, Copartners, Trading under the Firm Name and Style of FISHER & AXELROD, Plaintiffs, *v.* UNITED STATES CASUALTY COMPANY, Defendant.

Supreme Court, New York County, October 29, 1930.

*H. M. Peyser* [*Harris Jay Griston* of counsel], for the plaintiffs.

*W. Butler* [*H. R. Oakes* of counsel], for the defendant.

COTILLO, J. This action is brought to recover on a hold-up insurance policy issued by the defendant to the plaintiffs. The only question involved in it is whether the defendant insurance company waived a false statement on the part of the plaintiffs as to the 13th warranty in the insurance policy. The 13th warranty reads as follows:

" 13. The Assured has never sustained any loss nor (give name of Company, date of loss and amount paid) received indemnity for any loss by Burglary, Larceny, Theft, or Robbery either at the premises above described or elsewhere within the last five (5) years, except as follows: Loss June 1924 — London Guarantee and Accident Company Paid $4,569.00."

The 13th warranty was false by reason of the fact that the assured had concededly suffered another prior loss for which they had been compensated by the Royal Indemnity Company. They attempt to minimize the effect of this warranty by showing that

the defendant's agent was aware of this loss or had been put on inquiry concerning it. This contention can be of no avail to the plaintiff.

"The mere fact that the agent had knowledge or information * * * did not necessarily affect the right of the defendant to assert and make available the defense that there was a breach of warranty if the answer was untrue. That was provided against by a provision in the contract." (*Kenyon* v. *Knights Templar & M. M. A. Assn.*, 122 N. Y. 247.) (See, also, *Satz* v. *Massachusetts Bonding & Ins. Co.*, 243 N. Y. 385.)

This leads to the consideration of the attempt of the plaintiffs to avoid the effect of the breach of warranty by reason of the conduct of the insurer after the loss. On September 4, 1926, with apparent knowledge of plaintiffs' breach of warranty, the defendant wrote to plaintiffs as follows: "In view of an apparent breach of warranty discovered in the course of our investigation of the above-entitled loss, we are compelled to reserve all our rights under the policy with regard thereto.

"Please take notice that pending an early decision as to our final attitude on the question as to assuming the burden of our case, we are proceeding entirely without prejudice to our right to disclaim liability by reason of the said breach of warranty, or for any other reason."

On October 21, 1926, or nearly seven weeks later, defendant wrote to plaintiffs as follows: "Will you kindly present yourselves at this office on the 29th day of October, at 2 P. M. to submit to an examination under oath, as provided for under Special Agreement #9 of our policy contract."

Plaintiffs presented themselves as requested and were examined under oath. But on the sixteenth of November they were notified that by reason of their failure to disclose the loss paid by the Royal Indemnity Company, paid under an earlier policy, the defendant chose to consider the policy void from the date of issue.

Does the letter of October 21, 1926, and the compliance by plaintiffs of the conditions then laid down, constitute a waiver of the breach of warranty? Defendant argues that the non-waiver letter of September fourth gave it full latitude of investigation and the subsequent letter of October twenty-first must be read in the light of the reservation contained in the earlier letter. The defendant undoubtedly had a right on September fourth to continue its investigations without prejudicing its rights to a later disclaimer of liability, even though it knew on that date of a breach of warranty. The expression of the existence of such a breach in the singular, in view of the knowledge of the untruthful-

ness by its agent of the warranty with respect to other insurance, leads to the inference that the warranty mentioned referred to the prior Royal Indemnity loss. The knowledge of such breach might not have seemed sufficient to the defendant to base an avoidance, either by reason of unfairness to the insured, in view of the fact that its agent knew of the breach, or by reason of the fact that it desired to fortify itself with more potent reasons for rejection. Then, too, it may have felt that plaintiffs' misrepresentation at the time of the contract, while practically, although not legally, immaterial, might be a mere lack of candor, but nevertheless justified investigation, because it might be a cover for more serious breaches or unconscionable acts. After seven weeks' examination, defendant apparently found nothing more, and instead of definitely disclaiming liability, as it might well have done, it requested an examination under oath "under Special Agreement #9 of *our policy contract.*" Surely the examination was not necessary to establish the truth or falsity of the 13th warranty. If it was required to discover the existence of other breaches, none were disclosed by the examination, and none other was urged upon rejection of the claim. When, therefore, the plaintiffs were requested to submit to an examination under oath as provided in "our policy contract," they were justified in assuming that the defendant was recognizing the validity of the contract and not disaffirming it. The type of investigation referred to in the non-waiver policy clause was an informal and *ex parte* investigation and not a formal examination under the terms of the policy. Furthermore, if the defendant desired to examine plaintiffs formally under oath, in accordance with the provisions of the policy, it should have reasserted the non-waiver alleged in the letter of September fourth, which did not cover a situation of this character.

The law as to what constitutes a waiver was laid down by the Court of Appeals in *Kiernan* v. *Dutchess County Mutual Ins. Co.* (150 N. Y. 190) and *Walker* v. *Phœnix Ins. Co.* (156 id. 628). While that doctrine and the doctrine of equitable estoppel are often confused in insurance litigation, there is a clear distinction between the two. A waiver is the voluntary abandonment or relinquishment by a party of some right or advantage. (*Draper* v. *Oswego Fire Relief Assn.*, 190 N. Y. 12, 15.) As stated by Judge VANN in *Kiernan* v. *Dutchess County Mutual Ins. Co.* (*supra*): "The law of waiver seems to be a 'technical doctrine, introduced and applied by the courts for the purpose of defeating forfeitures.'" As the doctrine of waiver is to relieve against forfeiture, it requires no consideration for the waiver, nor any prejudice or injury to the

other party.  (*Kiernan* v. *Dutchess County Mutual Ins. Co., supra.*) Therefore, it seems to me that although there was a breach of warranty on the part of the plaintiffs, nevertheless that breach had been waived by the insurance company after it was fully aware of the breach, and under all the circumstances plaintiffs are entitled to judgment for the amount demanded in the complaint, together with costs and interest.