## First Department, March, 1934.

Isidor Katz and Another, Copartners Doing Business under the Firm Name and Style of Katz & Alper, Respondents, v. Fidelity and Deposit Company of Maryland, Appellant.

Order affirmed, with twenty dollars costs and disbursements. No opinion. Present — Finch, P. J., Merrell, Townley, Glennon and Untermyer, JJ.; Finch, P. J., dissents and votes to reverse and grant the motion.

Finch, P. J. (dissenting). The order denying defendant's motion for summary judgment dismissing the complaint should be reversed and the motion granted since, under the undisputed facts, there has been no waiver, as matter of law, of a conceded breach of warranty which vitiated the policy sued upon. The complaint sets forth two causes of action, to recover losses sustained by two burglaries during the period of a policy of burglary insurance. The first loss occurred on September 19, 1932. Plaintiff duly filed proofs of loss, which were received and retained by defendant. Defendant immediately commenced the usual investigation by engaging the services of an accountant to examine the books and records of plaintiff. An employee of said accountant conducted such examination over a period of some two weeks. A report of the accountant was filed with defendant to which was attached a statement over the signature of plaintiffs containing a recital of a previous loss by burglary about a year ago. In this connection the plaintiffs in the aforesaid policy warranted that no previous loss by burglary, robbery or theft had been sustained by plaintiffs within a period of five years. On or about January 9, 1933, plaintiffs sustained another loss by burglary and proofs of loss were duly filed with defendant. Defendant declined to accept or retain these, and disclaimed liability under the policy because of the aforesaid breach of warranty. Obviously, the policy in ordinary course would be avoided by said breach of warranty, namely, that there had been no previous loss when policy was applied for. The plaintiffs, however, rely upon the claim that said breach was waived by the retention by defendant of proofs of loss furnished with respect to the first mentioned burglary, and the continuation of the examination of the accounts of the plaintiffs after the accountant employed by defendant had ascertained the existence of the prior burglary. In support of this contention reliance is placed upon the authority of *Posnick- Nonas Co., Inc.*, v. *U. S. Fidelity & Guaranty Co.* (222 App. Div. 36). There is no parallel between the facts there involved and those of the case at bar. In the case cited the plaintiff warranted the premises insured were occupied solely by plaintiff, whereas the fact was that a portion of the premises had been sublet to another. There, however, in support of the defense of waiver, it was alleged that subsequent to the date of the application, and prior to the issuance of the policy, the defendant inspected the premises and ascertained the fact that a subtenant was in possession, and with such knowledge directed plaintiff to make repairs and alterations so as to make the premises satisfactory to defendant, and after such repairs and alterations had been made at considerable cost to plaintiff, defendant,

with knowledge of the aforesaid subtenancy, issued its policy. It is further alleged that with full knowledge as aforesaid, the defendant accepted and retained proof of loss without objection, and put plaintiff to trouble and expense in the conduct of an investigation. There can be no question that the aforesaid facts constitute a waiver by estoppel. That the essential elements thereof are lacking in the case at bar is equally clear. Here there was no knowledge of the breach of warranty when the policy was issued. The existence of such breach only reached defendant at the conclusion of the examination made on its behalf, when the report of its accountant was submitted. This report indicated for the first time that the policy was voided by the breach of warranty. Proofs of loss tendered in connection with a subsequent burglary were rejected. Upon these facts there was no waiver, but instead the case at bar falls within the principle set forth in the case of *Black Star Line* v. *Baltica Insurance Co., Ltd.* (220 App. Div. 434), where it was said: " The receipt and retention of proof of loss might be deemed a waiver of any formal defects in connection with such proofs of loss, but have no relation to a breach of a separate and distinct provision of the policy which arises at the threshold of the claim and not afterwards. At the time of such receipt of proofs of loss the defendants had a perfect defense to the action. The plaintiffs' failure to give prompt notice of disaster could not thereafter be changed or modified. It was impossible thereafter for the plaintiffs to comply with this provision. There was thus no possibility of the plaintiffs being prejudiced by the acceptance of the proofs of loss, and hence there existed no element of estoppel." It follows that the order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted.