JAMES A. CARDINAL, Appellant, *v.* MERCURY INSURANCE COMPANY and Others, Respondents, Impleaded with JOHN ROSHIRT, INC., Appellant.*

Third Department, July 6, 1934.

* Revd., 266 N. Y. ——.

*Flanders, Harris & King,* for the plaintiff; *Wiswall, Walton, Wood & MacAffer,* for the defendant John Roshirt, Inc. [*Frank L. Wiswall* of counsel and *Carl O. Olson,* with him on the brief], for the appellants.

*Ainsworth & Sullivan* [*Charles B. Sullivan* and *Nelson R. Pirnie* of counsel], for the respondent, Mercury Insurance Company.

RHODES, J. Plaintiff in equity seeks reformation of a fire insurance policy.

There is no dispute that plaintiff, as contractor, was constructing a house on a lot then owned by the defendants Frank Bin and Laura G. Bin, and that about July 2, 1929, plaintiff telephoned an insurance agency, under the name of Tucker Brothers Agency, requesting a fire insurance policy in the sum of $4,000 on the building under construction.

There is a dispute between plaintiff and defendant's witness as to the details of the conversation, but the variance is immaterial because it appears from the defendant's witness who was employed in the office of the insurance agency and claims to have had the telephonic conversation with plaintiff, that the plaintiff telephoned and inquired for Mr. Joe Tucker, who was not in the office. She asked plaintiff if she could take any information and he told her to write a fire insurance policy for $4,000; that he did not have the street number but gave her the lot number of the property; that he told her that it was located in the city of Albany; that the building was in the course of construction and to incorporate a clause in the policy to that effect; that " he just said to write the policy in the name of James A. Cardinal; that is all. That is the

only name I received from him;" that plaintiff did not say anything further with reference to the ownership of the property. She thereupon made up the policy form in the name of plaintiff " as owner," placed the signature of J. H. Tucker upon it and mailed it to plaintiff.

No question is raised as to the authority of the agent to issue the policy. It was received by plaintiff about July 4, 1929, and plaintiff testified that when he received it he examined it " just the name and the amount and the location."

It is conceded that the structure was damaged by fire on the 28th day of July, 1929, and that the actual loss by fire was $4,148.52.

On the day of the fire plaintiff informed the insurance agency thereof and was told by Mr. Tucker to call at the office and that proofs of loss would be made out for him. There was then no mortgage clause attached to the policy. The following day he took the policy to the office and left it. About three weeks later he called for the policy; obtained it but did not examine it thoroughly, and took it to the office of his attorney. He paid the premium on the policy by check about two weeks after the fire.

Previous to the fire the defendant Frank Bins had conveyed his interest in the property to the defendant Laura G. Bins and had received a mortgage from her in the amount of $6,000. After the fire and while the policy was in the hands of the insurance agency, the agency was requested in behalf of the defendants Bins to attach a mortgage clause to the policy and this was done without the knowledge or consent of the plaintiff, the mortgagee clause being predated evidently to correspond with the date of the policy.

The answer of the defendant insurance company sets up various defenses to the effect that the policy issued, by its terms, provided that it should be void if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple, or if the insured had concealed or misrepresented any material fact or circumstance contained in this insurance or the subject thereof, or where the hazard is increased by any means within the knowledge or control of the insured.

Plaintiff, by his complaint, asserts that the policy of insurance fails to express the real and true intent of the parties thereto in that it does not set forth correctly the interest of the plaintiff in said property; that the said mortgagee clause was attached to said policy without the knowledge of plaintiff, the person intended to be insured, and that plaintiff did not intend or desire that said policy should protect any other person than himself; that the

said errors and changes were not observed by the plaintiff until after the fire; that the error in description of the interest of plaintiff was caused by mistake on the part of both plaintiff and defendant, or if not by mistake on the part of the defendant company, through the fraud of the defendant company and the mistake of the plaintiff, and that the said mortgagee clause was inserted without the knowledge and consent of the plaintiff and through the fraud of the defendant and was permitted to remain through the mistake of the plaintiff.

The plaintiff had an insurable interest in the property. (*Donavin* v. *Thurston*, 190 App. Div. 48.) He requested defendant's agent to issue a policy on the property in the sum of $4,000 in his name. Manifestly he could not obtain valid insurance upon the property unless he had an insurable interest therein. When he requested an insurance policy in his name, defendant's agents must have understood that thereby he was endeavoring to protect and insure his interest, whatever it might be, in the property. His interest in the property was that of a contractor. His application, therefore, was tantamount to a request that the policy issued in his name should cover his interest as contractor. He was not seeking to protect the interests of the owner or of any mortgagee. The mortgage had not been given at the time of his application for the policy. According to the defendant he did not claim to be the owner and did not state who the owners were and he made no representations about the property other than the statements hereinbefore outlined.

The defendant undertook to furnish to plaintiff the insurance which he requested. That was the only kind of insurance which he had applied for and, therefore, the only kind which under his application he was obligated to receive unless he thereafter waived the terms of his application and consented to receive a different policy.

The original contract of insurance was oral but complete and binding. (*Hicks* v. *British America Assur. Co.*, 162 N. Y. 284.) The question here is whether the written policy, thereafter delivered, should be reformed to correspond with the terms of the original agreement. As was stated in *Welles* v. *Yates* (44 N. Y. 525, 531): " In the present case, the party does not ask to have the contract rescinded. He does not seek to have it declared void. On the contrary, he insists that it is valid. He asks that it may read exactly as the parties originally agreed, and that all its parts may be completely performed."

When the defendant inserted in the policy statements and conditions not requested, intended or assented to by the plaintiff and without his knowledge, this constituted a fraud upon the plaintiff

justifying a reformation of the contract. (*Hay* v. *Star Fire Ins. Co.*, 77 N. Y. 235; *Welles* v. *Yates, supra; Whipple* v. *Brown Brothers Co.*, 225 N. Y. 237; *International Ferry Co.* v. *American Fidelity Co.*, 207 id. 350; *Davern* v. *American M. L. Ins. Co.*, 241 id. 318; *Lewitt & Co., Inc.*, v. *Jewelers' Safety F. Soc.*, 249 id. 217.)

If the insurance company desired more information, it had the means available of obtaining it and hence cannot be said to have been misled by concealment or ignorance, and may not take advantage of its erroneously assumed facts not induced by any misrepresentation of plaintiff. It may not set up such erroneous recitals in the policy as a defense to liability. (See *Hessler* v. *North River Ins. Co.*, 211 App. Div. 595; *Davern* v. *American M. L. Ins. Co., supra; Hubbard* v. *Ohio Farmers Ins. Co.*, 224 App. Div. 249; *Blass* v. *Agricultural Ins. Co.*, 18 id. 481; affd., 162 N. Y. 639; *Wisotzkey* v. *Niagara Fire Ins. Co.*, 112 App. Div. 599; affd., 189 N. Y. 532; *Bennett* v. *Agricultural Ins. Co.*, 106 id. 243.)

The insurance company under these circumstances is estopped from taking advantage of these conditions of which it might have had knowledge at the time of the making of the policy of insurance. (See *Satz* v. *Massachusetts Bonding & Ins. Co.*, 243 N. Y. 385.) The agents had insurance maps in their office; one of the agents visited the premises before the fire. If there was anything in the condition of the property relative to its location with reference to fire apparatus and fire hydrants, one of the things now complained of, or if there was anything in the nature of ownership which the defendant objected to, it could have canceled and rescinded the policy. In the face of all this knowledge it accepted premiums and attached a mortgagee clause to the policy and thereby recognized its continued existence.

It is true that when the parties orally agreed that a policy should be issued, they are deemed to have contemplated, in the absence of anything to the contrary, that the policy when issued should contain the applicable standard provisions required by law. (*Hicks* v. *British America Assur. Co., supra.*) But under the facts in this case it must be held that the insurer has either waived the conditions relied on as a defense, or is estopped from asserting the same. The cases hereinbefore cited fully support this view. (See, also, *Mead* v. *Saratoga & Washington Ins. Co.*, 81 App. Div. 282.)

Plaintiff and his assignees are entitled to a reformation of the policy and to judgment for the amount of $3,675.92, the sum due plaintiff under his contract and payable under the policy in accordance with their respective rights and interests therein. The judgment below should be reversed accordingly on the law and facts and judgment directed in accordance herewith, with separate

bills of costs to the plaintiff and the defendant John Roshirt, Inc., appellant, against the Mercury Insurance Company, defendant, respondent, on this appeal and in the court below.

HILL, P. J., CRAPSER and HEFFERNAN, JJ., concur; BLISS, J., dissents.

Judgment reversed on the law and facts, and judgment directed in accordance with opinion, with separate bills of costs to the plaintiff and the defendant John Roshirt, Inc., against the Mercury Insurance Company on this appeal and in the court below.

The court reverses findings of fact numbered 9, 10, 13, 14 and 15, and disapproves of all the conclusions of law set forth in the decision.

The court makes the following new finding of fact:

That contrary to the instructions of the plaintiff, the said policy of insurance was issued to plaintiff as owner of the premises instead of in the name of the plaintiff covering his insurable interest therein; and also makes the findings requested by plaintiff in his requests to find being numbered 11, 12, 13, 14, 16, 17 and 19, with the further finding that the amount due and unpaid to plaintiff on said contract at the time of the fire was the sum of $3,675.92, which is the amount of the liability of the defendant insurer herein.