■ GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff, v JOHN A. VERDON et al., Defendants and Third-Party Plaintiffs-Respondents, and UNDERWRITERS AT LLOYD'S, Appellant. STUART E. J. FULTON, Third-Party Defendant-Appellant; ROBERT F. KIRKWOOD, INC., Third-Party Defendant-Respondent. (And Another Title.)—In an action to recover the proceeds of an insurance policy, the defendant Underwriters at Lloyd's and the third-party defendant Stuart Edward James Fulton appeal from so much of an order of the Supreme Court, Orange County (Green, J.), dated May 19, 1989, as, upon renewal, adhered to the original determination denying their cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants third-party plaintiffs-respondents and the third-party defendant-respondent, appearing separately and filing separate briefs.

John A. Verdon sought to recover under the terms of a comprehensive motor vehicle insurance policy when his 1984 Cadillac El Dorado was purportedly stolen from a street in the South Bronx where it had been parked at night. The insurer, Underwriters at Lloyd's, thereafter disclaimed coverage on the ground that Verdon had made various misrepresentations in his application for insurance. Subsequently, the instant action was commenced, to which the appellants raised various affirmative defenses. On appeal, they contend that the Supreme Court erred in denying summary judgment in their favor based on the defenses. We disagree.

In order for an insurance contract to be valid, there must be a meeting of the minds of the parties, *inter alia,* as to the risk

involved *(see, Trustees of First Baptist Church v Brooklyn Fire Ins. Co.,* 28 NY 153). Although the quantum of risk assumed by the insurer would arguably have been greater than that which it bargained for if it were shown that Verdon in fact made misrepresentations (1) as to whether he complied with a storage provision contained in the policy, and (2) as to the purpose for which he intended to use the vehicle, we conclude that triable issues of fact exist with regard to both matters which preclude a granting of summary judgment. Similarly, in the absence of any signed statement by Verdon in the application itself that the vehicle was unencumbered by a lien, there exists a triable issue of fact as to whether Verdon ever misrepresented the financing status of the vehicle either orally or in another writing *(see, Cardinal v Mercury Ins. Co.,* 242 App Div 98). Bracken, J. P., Brown, Kunzeman and Sullivan, JJ., concur.